29154. BROWN et al. v. THE STATE.

UNDERCOFLER, Justice.

Bobby Leroy Brown and Johnnie Leroy Brown were convicted of the murder of James Stevens and sentenced to life imprisonment, convicted of aggravated assault of Allen Givens and sentenced to ten years imprisonment, and convicted of robbery by use of force by taking certain property from Allen Givens and sentenced to im-

prisonment for twenty years. Each sentence was to run consecutively.

The evidence shows that Wyomie Pryor had known the defendant brothers for a long time and had lived with Bobby Leroy Brown for several months. She and the brothers went to a certain house in Frogtown and she bought a half-pint of whiskey for them. The victims, Allen Givens and James Stevens (alias Cornbread), arrived at the house later. Johnny Leroy Brown heard Cornbread mention something about money. The defendants and Wyomie left the house and waited outside for the victims to leave. When the victims left, Johnnie Leroy Brown attacked Givens with a knife while Bobby Leroy Brown attacked Stevens with a large concrete block. The defendants then went through the victims' pockets taking an unknown amount of change from Givens and the victims were then dragged into the bushes. During the attack Wyomie testified that she tried to get the defendants to stop but that they ignored her. After the attack she stated that she did not call for help for the victims because someone else had already called. Other evidence was introduced which showed the scene of the crime, the wounds inflicted on Givens and Stevens, and the condition of Givens' clothing which was the same as the testimony given by Wyomie. A statement of Johnnie Leroy Brown was also introduced into evidence which contained an admission that he inflicted some blows on one of the victims.

The defendants moved for a judgment not-withstanding the verdicts based on their motion for directed verdict during the trial of the case. The motions for directed verdicts and judgment notwithstanding the verdicts were overruled. The defendants appeal the denial of their motion for judgment notwithstanding the verdicts to this court. *Held:*

The appellants contend that only one question is presented for review in this case and that question is whether Wyomie Pryor was an accomplice of the defendants in the crimes for which they were convicted, and if so, whether her testimony was sufficiently corroborated.

Pretermitting the question of whether Wyomie

Pryor was an accomplice in the crimes, her testimony was sufficiently corroborated by other evidence. "It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. *Taylor v. State,* 110 Ga. 151; *Dixon v. State,* 116 Ga. 186. Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. *Evans v. State,* 78 Ga. 351; *Roberts v. State,* 55 Ga. 220. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. *Chapman v. State,* 109 Ga. 165." *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164); *Slocum v. State,* 230 Ga. 762 (3) (199 SE2d 202).

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 30, 1974 — DECIDED SEPTEMBER 24, 1974.

*Reginald C. Haupt, Jr.,* for appellant.

*Andrew J. Ryan, Jr., District Attorney, Michael K. Gardner, Joseph D. Newman, Assistant District Attorneys, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Deputy Assistant Attorney General,* for appellee.