## 54072. WALKER et al. v. THE STATE.

SHULMAN, Judge.

Appellants, Cullars and Walker, were found guilty by a jury of motor vehicle theft. This appeal follows the denial of their motion for a new trial. Both appellants enumerate as error the denial of a motion for a new trial on the general grounds and the denial of a motion for a directed verdict of acquittal based on the lack of

corroboration of an alleged accomplice's testimony.

Both enumerations of error are grounded on a lack of corroboration of an alleged accomplice's testimony. At the trial J. D. Callaway testified against appellants as a witness for the state. Callaway had been indicted for theft of the same motor vehicle that appellants were charged with taking and had pleaded guilty. Callaway had been apprehended in the stolen automobile weeks after the reported theft. Neither Cullars nor Walker was present at the time of apprehension. According to Callaway, Cullars and Walker came by the house of Albert Jones where Callaway was living. They left together in Walker's car. Callaway testified that while in the car Walker gave him the keys to an automobile on the lot of Thornton Auto Sales and money for gasoline. They then stole a license plate from another car, placed it on the car on Thornton's lot and stole that car. Callaway testified that he rode in the stolen car as a passenger, that Walker was driving, and that Cullars followed them driving Walker's car. They drove to Atlanta where they hoped to sell the car. The sale was never consummated. The car was parked at a lot that Cullars had suggested and remained there three weeks. Callaway testified that he returned to Atlanta in order to drive the car to Augusta to sell it. Callaway was apprehended while sleeping in the vehicle at a roadside in Thomson, Georgia, on his way to Augusta. Callaway also testified that the three had attempted to steal a 1969 Pontiac at the same lot on a prior occasion but were unsuccessful because that car had a dead battery.

To corroborate Callaway's testimony, the state presented other witnesses. It was established that Cullars was familiar with Atlanta while Callaway was not. Albert Jones testified that he had observed Callaway leave with Walker and Cullars on the night before the theft was reported. The owner and an employee of Thornton Auto Sales testified that one week prior to the discovery of the theft the keys were noticed missing from the stolen vehicle, that Walker and Cullars were on the lot that day and regularly on prior occasions, and that Walker and Cullars were not seen after the keys were discovered missing. Walker and Cullars were also seen at

the lot when keys were discovered missing from a 1969 Pontiac with a faulty battery.

Both appellants denied participating in the theft or even having gone to Albert Jones' house on the night in question. Both claimed to be elsewhere on the night of the theft.

To sustain a conviction in a felony upon the testimony of an accomplice, there must be corroborating facts or circumstances, which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime charged, or lead to the inference that he is guilty, and are more than sufficient merely to cast on the defendant a grave suspicion of guilt. See *Allen v. State,* 215 Ga. 455, 457 (2) (111 SE2d 70) and cits.

"It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. *Taylor v. State,* 110 Ga. 150 [35 SE 161]; *Dixon v. State,* 116 Ga. 186 [42 SE 357]. Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict. *Evans v. State,* 78 Ga. 351; *Roberts v. State,* 55 Ga. 220. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence. *Chapman v. State,* 109 Ga. 157 [34 SE 369]. *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164); *Slocum v. State,* 230 Ga. 762 (3) (199 SE2d 202)." *Birt v. State,* 236 Ga. 815, 826 (225 SE2d 248) citing *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180).

The evidence corroborating the testimony of the accomplice was sufficient to warrant submitting the case to the jury and the trial judge did not err in overruling the defendant's motion for directed verdict of acquittal or the motion for new trial on the general grounds. *Birt v. State,* supra. See also *McCrory v. State,* 101 Ga. 779 (28 SE 921).

*Judgment affirmed. Quillian, P. J., and Banke, J.,*

*concur.*

SUBMITTED JUNE 9, 1977 — DECIDED JUNE 24, 1977 —
REHEARING DENIED JULY 13, 1977.

*Orr & Kopecky, Wilbur A. Orr,* for appellants.
*Kenneth E. Goolsby, District Attorney, Dennis Sanders, Assistant District Attorney,* for appellee.