54512. STEVENSON v. THE STATE.

BANKE, Judge.

The appellant was convicted on two counts of burglary. He now appeals the denial of his motion for new trial on the general grounds and alleges that he was denied effective assistance of counsel.

The appellant, William Melvin Stevenson, and his brother-in-law, Michael Wayne Winters, were indicted on two counts of burglary. The evidence showed that two homes were burglarized in the early afternoon of May 24, 1976. Acting on a tip given by a merchant whom Winters telephoned as a prospective "fence," plainclothes policemen watched as Winters and the appellant offered the stolen goods for sale. There was testimony given that the appellant drove the truck in which the goods were stored. Winters reportedly admitted to the merchant that the goods were stolen items from Alabama. The merchant declined to buy anything, and shortly after their departure the police officers arrested both the appellant and Winters for possession of stolen items. They were charged with burglary when a burglary report came in showing the stolen items to have been taken from the two DeKalb residences.

One of the plainclothes officers, who was also the chief investigating officer on the case, testified that in a post-arrest conversation appellant admitted assisting Winters in committing the burglaries. The appellant categorically denied that he ever admitted his participation in the crime and testified that he was visiting friends at the time the burglaries occurred. Winters signed a statement confessing to the crimes and implicating appellant in the two burglaries.

1. The trial court did not err in denying appellant's motion for new trial on the general grounds. The trial judge permitted Winters' confession to be used only to impeach his trial testimony, but the testimony of both the merchant and the investigating officer identified the appellant as being present when the goods were offered for sale. Also, the merchant identified appellant as driver of the truck and the officer testified as to the appellant's alleged admission. This evidence, together with the defendant's presence in the truck at the time of arrest, authorized the jury to find that the appellant was in possession of the stolen goods.

"It has long been settled in this state that recent unexplained possession of stolen property permits the jury to infer that the accused committed the theft. [Cits.] It should be emphasized that the recent unexplained possession creates only a permissible inference of guilt of a 'presumption of fact,' in terms of Code § 38-113, which the jury may or may not draw. [Cits.]" *Byrd v. Hopper,* 234 Ga. 248, 250 (215 SE2d 251) (1975). See *Pounds v. State,* 136 Ga. App. 852 (1) (222 SE2d 629) (1975); *Bryan v. State,* 137 Ga. App. 169 (3) (223 SE2d 219) (1976); *Workman v. State,* 137 Ga. App. 746 (5) (224 SE2d 757) (1976).

Here, the judge charged the jury on circumstantial evidence and cautioned the jurors to draw "no reference [sic]" harmful to the appellant if he had satisfactorily explained his possession. The charge was a proper instruction on the law and the evidence was sufficient to support the jury's verdict.

2. The appellant and Winters retained an attorney to defend them jointly against the burglary charges. Over objection of defense counsel, the trial judge sustained the state's motion to sever the two cases for trial because of Winters' confession. See Code Ann. § 27-2101. A public defender was appointed to represent Winters and retained counsel continued to represent the appellant.

There is no merit in appellant's contention that severance of the two cases deprived him of his right to effective assistance of counsel. Immediately upon learning of the potential conflict in interests between the co-defendants, the judge acted to free retained counsel of any obligation to represent Winters who had become a

material witness for the state. Error would have resulted only if the judge, after notice had not undertaken to insure that each defendant was represented by separate counsel. See United States v. Boudreaux, 502 F2d 557 (5th Cir. 1974); *Davis v. State,* 129 Ga. App. 796 (1) (201 SE2d 345) (1973).

*Judgment affirmed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 16, 1977 — DECIDED OCTOBER 7, 1977 — REHEARING DENIED NOVEMBER 10, 1977 — ▮

*Richard M. Loftis,* for appellant.
*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.