## 60692. COLE v. THE STATE.
## 60693. GRAVITT v. THE STATE.

MCMURRAY, Presiding Judge.

Defendants were indicted and convicted for the offense of burglary. Both defendants appeal based upon the sufficiency of the evidence and the alleged failure to corroborate the testimony of a juvenile accomplice. Additionally defendant Cole contends that the trial court's charge to the jury on positive or circumstantial evidence was burden-shifting and that the trial court's charge on the evidence provided by the juvenile accomplice was incorrect, ambiguous and misleading.

On the night of October 4, 1979, after having closed for the evening, a grocery store was burglarized. The items taken from the store included a quantity of beer, a knife, an alarm clock, a radio, turquoise jewelry, a fishing rod and reel, a box of tools, and $50 or $60 of change from the cash register. There was also evidence that a shotgun had been discharged inside the store causing some damage.

The state presented the testimony of a juvenile accomplice who stated that he had driven the defendants to the location of the store in the evening hours. Along the way they had detoured so that defendant Cole could pick up a shotgun. Both defendants left the juvenile accomplice's car some distance from the store. The juvenile testified that while he waited he heard a gunshot. He later picked up the defendants in front of the store where they loaded "a whole bunch of beer." The juvenile testified that defendants also had some tools with them and a fishing rod. After a stop at a residence the juvenile accomplice drove the defendants to a location on Leonard Road where most of the goods which had been loaded in the car were placed

in a ditch. The juvenile accomplice then transported the defendants to a lounge where the defendants removed a final quantity of beer from the juvenile's car and defendant Cole put it behind the trash dump at the lounge to get it when he left. The juvenile accomplice then left the defendants and went home.

The juvenile accomplice eventually directed law enforcement officers to the Leonard Road location where a fishing rod and reel, turquoise jewelry, a clock, and a small quantity of beer were found. The items recovered in the ditch by the sheriff's department, with the exception of the beer, were identified by the part-time manager of the grocery store as having been taken in the burglary.

A female acquaintance of the defendants testified that she encountered defendants at the lounge and carried them out to her trailer. Defendant Gravitt was present in the car when prior to leaving the lounge she was asked by defendant Cole to drive around to the dumpster where a butcher knife, beer and liquor were recovered from under a trash can. The female acquaintance also noticed that defendants had a lot of change or coins on them and their pockets were bulging. At the trailer defendant Gravitt asked to swap some change for bills, and this was done. Defendant Cole tried to give her the butcher knife and eventually left this knife in the female's automobile where it was recovered by law enforcement officers and was identified as having been taken in the burglary.

The state presented additional corroborating evidence of the presence of defendant Cole's fingerprints on the knife and the presence of footprints near the store consistent with defendant Gravitt's shoes. *Held:*

1. "Code Ann. § 38-121 requires that, in felony cases, an accomplice's testimony must be corroborated. However, it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material part. *Taylor v. State,* 110 Ga. 150 (35 SE 161); *Dixon v. State,* 116 Ga. 186 (42 SE 357). Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict. *Evans v. State,* 78 Ga. 351; *Roberts v. State,* 55 Ga. 220. The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said as a matter of law, that the verdict is contrary to the evidence. *Chapman v. State,* 109 Ga. 157 (34 SE 369); *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180); *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164); *Slocum v. State,* 230 Ga. 762 (3) (199 SE2d 202); *Birt v. State,*

236 Ga. 815, 816 (225 SE2d 248)." *Jones v. State,* 139 Ga. App. 643, 646 (3) (229 SE2d 121).

In the case sub judice there was extraneous evidence of the defendants' possession of items taken in the burglary. Recent unexplained possession of stolen property taken in a burglary "creates an inference or presumption of fact sufficient to convict." *Wells v. State,* 151 Ga. App. 416, 417 (1) (260 SE2d 374).

There is no merit to defendants' contention that the juvenile accomplice's testimony was not corroborated because the extraneous evidence of possession of property taken in the burglary was independent evidence of defendants' participation in the criminal act with which they are charged. Nor does the evidence fail to implicate both defendants.

2. Although there was no direct evidence as to the defendants' entry of the burglarized premises, the circumstantial evidence was sufficient to authorize a conviction. After a careful review of the entire record and transcript, we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at the trial proof of guilt of both of the defendants beyond a reasonable doubt of the offense of burglary. *Dukes v. State,* 151 Ga. App. 312, 313 (259 SE2d 706); *Boyd v. State,* 244 Ga. 130, 132 (5) (259 SE2d 71); *Driggers v. State,* 244 Ga. 160, 161 (1) (259 SE2d 133); *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916).

3. The trial court, in charging the jury in regard to the provisions of Code § 38-121, relating to corroboration of testimony of an accomplice in a felony case, instructed the jury that "the testimony of a single witness is generally sufficient to establish a fact. This case presents an exception to this rule, and that is that there can be no conviction of the Defendants in this case unless the witnesses who are claimed by the State to be an accomplice is supported by additional, confirming facts or evidence connecting the Defendants with the crime and tending to show their participation therein, . . ." The court further charged the jury that "[t]he Court does not intimate to you that there is, or that there is not, any testimony of an accomplice in this case." The defendant Cole contends that these two portions of the charge combine to create an ambiguity and misleading inconsistency in that the first of these portions of the charge instructed the jury that the case sub judice was an exception to the general rule that the testimony of one witness was sufficient and that corroboration of the accomplice was required while the second excerpted portion of the charge instructed the jury that they were to decide whether there was testimony by an accomplice.

The charge was not harmful to the defendants. The testimony of the juvenile was amply corroborated and therefore sufficient to

convict. *Slocum v. State,* 230 Ga. 762, 765 (3), supra.

4. We find no merit in defendants' contention that the following charge was ambiguous, misleading, or burden-shifting. The charge in question stated that "[w]hether dependent upon positive or circumstantial evidence, the true question in criminal cases is, not whether it be possible that the conclusion at which the evidence points may be false, but whether there is sufficient evidence to satisfy the mind and conscience of the jury beyond a reasonable doubt." The charge in question is almost a verbatim quote of Code § 38-110. This charge gives the state's burden and is consistent with Code Ann. § 26-501 (Ga. L. 1968, pp. 1249, 1266). The charge as a whole fully and fairly submitted to the jury the state's burden to prove defendants guilty beyond a reasonable doubt. See *Oliver v. State,* 239 Ga. 571, 572 (2) (238 SE2d 346).

*Judgments affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 5, 1980 — DECIDED OCTOBER 30, 1980.

*E. Earl Seals,* for appellant (Case No. 60692).
*D. Ray McKenzie, Jr.,* for appellant (Case No. 60693).
*William F. Lee, Jr., District Attorney, Gerald S. Stovall, Harger W. Hoyt, Assistant District Attorneys,* for appellee.