## 62984. POWERS v. THE STATE.

POPE, Judge.
Ellis Earl Powers was convicted of burglary. He contends on appeal that the testimony of his alleged accomplice was not corroborated and that the evidence at trial was insufficient to support a verdict of guilty against him. He also cites as error the trial court's charge on recent possession of stolen property.

1. Bobby Joe Hanie pled guilty to the subject burglary. At Powers' trial he testified that he stopped his automobile in front of the victim's house, that Powers and one Hoag got out of the automobile and checked to see if anyone was at home, and that he then drove off down the road. Hanie returned approximately 10 minutes later and picked up Powers and Hoag at a little bridge a short distance down the road from the victim's house. A burglar alarm was ringing in the house. Powers and Hoag were carrying a small,

portable, black and white television set when they entered Hanie's automobile. The three unsuccessfully attempted to sell the television to Brian K. Harris at Jim's Trading Post near Fayetteville. They then sold it to someone at Miller's Battery Company next door to Jim's Trading Post and split the proceeds evenly among themselves.

The testimony of other witnesses at Powers' trial showed that the victim's house was equipped with a burglar alarm. The back door of the house was broken in and a jug of coins, a wedding ring and a Sears portable black and white television set were taken. The subject television was recovered from a person who had bought it at a battery shop next door to Jim's Trading Post. The jug of coins was discovered broken and scattered along the bank of a creek behind the victim's house. There were footprints in the soft sand of the creek which appeared to lead to and from the back of the house to a point beside a little bridge a short distance down the road from the house. Mr. Harris testified that Hanie, Powers and Hoag tried to sell him a television set like the one described above but that he declined; the television set was in Hanie's automobile. Although Hanie did most of the talking, all three participated in the conversation with Harris.

" 'Code Ann. § 38-121 requires that, in felony cases, an accomplice's testimony must be corroborated. However, it is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material part. [Cits.] Slight evidence from an extraneous source identifying the accused as a participant in the criminal act will be sufficient corroboration of the accomplice to support a verdict. [Cits.] The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said as a matter of law, that the verdict is contrary to the evidence. [Cits.]' " *Cole v. State,* 156 Ga. App. 288, 289 (274 SE2d 685) (1980). Applying the foregoing analysis to the testimony presented in this case, we concluded that the testimony of the accomplice Hanie was sufficiently corroborated to support the verdict. Accord, *Shumake v. State,* 159 Ga. App. 141 (1b) (282 SE2d 756) (1981); *Rosser v. State,* 156 Ga. App. 463 (1) (274 SE2d 812) (1980). Viewing the evidence in a light most favorable to upholding the verdict, we also conclude that any rational trier of fact could have found appellant guilty of burglary beyond a reasonable doubt. Accord, *Bankston v. State,* 159 Ga. App. 342 (4) (283 SE2d 319) (1981); Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court gave the following charge to the jury as to

recent possession of stolen property: ". . . [I]f you should find and believe beyond a reasonable doubt that the premises in this county alleged in the indictment to have been burglarized were in fact burglarized on the day alleged or at any time within four years prior to the return of this indictment, if you believe beyond a reasonable doubt that the burglary was intended to commit a theft and that there is evidence convincing you beyond a reasonable doubt that the property or any part thereof shown to have been taken in the course of such burglary was found recently thereafter in the possession of the defendant, then in that event you would be authorized to consider that circumstance and give it such weight as you deem proper as to whether or not it established that the defendant was the person or one of the persons who burglarized said premises. The mere fact that you may believe beyond a reasonable doubt that a burglary has been established or that the accused did have possession of any part of such property would not be sufficient to find him guilty unless you are also satisfied beyond a reasonable doubt that this defendant is the person or one of the persons who did burglarize the premises in question and that he was in fact in possession of such property.

"I charge you that if the defendant has explained his possession, if any, of such property satisfactorily to you no reference [sic] harmful to him would thus be drawn by you."

Powers contends that the trial court erred by failing either (a) to clearly instruct that recent possession must be in conjunction with other evidence in order for an inference of guilt to arise or (b) to instruct that recent possession standing alone will not authorize an inference of guilt. In light of the foregoing charge having been given to the jury, this contention is wholly without merit. *Thomas v. State,* 237 Ga. 690 (II) (229 SE2d 458)(1976). Moreover, the evidence adduced at trial was sufficient to authorize such a charge. Accord, *Shumake,* supra at (2): *Moore v. State,* 155 Ga. App. 721 (3) (272 SE2d 575)(1980); *Stevenson v. State,* 143 Ga. App. 813 (1) (240 SE2d 123) (1977). Finally, the charge as given was not erroneous as a burden-shifting charge. *Carpenter v. State,* 140 Ga. App. 368 (2) (231 SE2d 97)(1976).

*Judgment affirmed. Quillian, C. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 25, 1982.

*Joseph M. Todd,* for appellant.
*E. Byron Smith, District Attorney, Donald J. Coffey, Assistant District Attorney,* for appellee.