## 64549. HARRIS v. THE STATE.

McMurray, Presiding Judge.

Following the issuance and service of a search warrant on certain property in Albany, Dougherty County, Georgia, three persons (one of whom was the defendant herein) were found in the dwelling. The search revealed various items of contraband (including marijuana and methaqualone). The subjects were arrested and charged with possession of marijuana with intent to distribute the controlled substance. Despite defendant's claim that the three were jointly indicted, the indictment here shows only that this defendant was indicted in two counts for the offenses of violation of the Georgia Controlled Substances Act (unlawful possession of marijuana with intent to distribute in Count 1; and unlawful possession of methaqualone (Quaaludes) in Court 2). Defendant appeals his conviction following the denial of his motion for new trial. *Held:*

1. Defendant's first enumeration of error concerns the admission in evidence of one of several marijuana exhibits (a partially smoked cigarette). There was testimony by the investigator for the state that he field tested the marijuana recovered in the search upon his return to the office, and the "results of the suspected marijuana was all positive for marijuana." No objection whatsoever was made to the introduction of this testimony. A forensic chemist also testified that he chemically tested the leafy material as positive for marijuana and the white tablets (lemon 714, a trademark for quaaludes) as positive for methaqualone. One of the co-defendants, an accomplice, testified that he, the defendant, and another, all resided at this location, and he and the defendant shared ownership of the marijuana and the "Quaaludes." In addition there was other circumstantial evidence (defendant's fingerprints on the box containing the contraband and the writing with reference to a note from the accomplice to this defendant that he had taken 200 "Quaaludes" out of the metal ammunition box and other circumstances). When the marijuana exhibit, the subject of defendant's first enumeration, was introduced in evidence the objection that no one had tested or identified this substance whatsoever as being contraband was not meritorious. There is no merit in this complaint.

2. The trial court did not err in excluding defendant's Exhibit 1, a tape recording of a telephone conversation between this defendant and the other co-defendant. Defendant's objection to the exclusion of this tape is that he had established the proper foundation for same, the accomplice was a party to the conversation and had identified the other speaker as another co-defendant who was not present to testify.

This conversation was taped after the charge of possession which occurred on January 10, 1981, the taped conversation being made on April 18, 1981. While the court excluded the tape exhibit as containing hearsay as to the conversation, it simply has no relevancy but at most was self-serving to establish a defense, if in fact, it did establish such defense for the defendant. The alleged conspiracy had ended with the arrest of the persons charged here. There is no merit in this complaint.

3. The remaining enumeration of error is one in which the defendant contends the evidence was insufficient to corroborate the testimony of the accomplice. The corroborating evidence involved the fingerprints of the defendant found on the metal ammunition box as identified by a fingerprint expert; an envelope addresssed to the defendant at the address; the written note by the accomplice to "Frank"; the accomplice having testified that he wrote this note. While the defendant sought to prove that he legitimately handled the ammunition box in carrying shotgun shells on a dove shoot, nevertheless this evidence was sufficient to corroborate the testimony of the accomplice. See Code § 38-121; *Cole v. State,* 156 Ga. App. 288, 289 (1) (274 SE2d 685); *West v. State,* 232 Ga. 861, 864-865 (2) (209 SE2d 195); *Depree v. State,* 246 Ga. 240, 243-244 (5) (271 SE2d 155). The conduct of a defendant before, during and after the commission of a crime may be considered by a jury in establishing his participation to determine whether such conduct was sufficient corroboration of testimony of an accomplice to sustain conviction. The evidence here was sufficient for a rational trier of fact (the jury in this case) to conclude that the accomplice's testimony was corroborated and the evidence at trial proved the defendant's guilt. See *Powers v. State,* 161 Ga. App. 415, 416 (1) (288 SE2d 680).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED SEPTEMBER 17, 1982.

*J. Wayne Parrish, Jerry W. Brimberry,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.