### A91A0661. LITTLE v. THE STATE.
(406 SE2d 286)

POPE, Judge.

Defendant Butch Little was convicted of trafficking in cocaine. On appeal he challenges the sufficiency of the evidence to convict him. We affirm.

The record shows that defendant and Keith Strickland were arrested at Strickland's sister's apartment on July 20, 1989. The arresting officers originally came to the apartment in search of a murder suspect. The officers observed defendant come to the door, and then go back into the apartment after telling the officers to "wait a minute." Defendant then returned to the door, unlocked it, and admitted the officers. The officers observed an ammunition clip in defendant's pocket and immediately conducted a protective search for possible weapons. During the search, the officers discovered a substance subsequently identified as more than 28 grams of cocaine. A .45 caliber pistol belonging to defendant and a large amount of cash were also found hidden with a portion of the cocaine in a shoe box in the oven.

Defendant testified at trial that he met Strickland the evening before the arrest at a pool hall where he was employed. He further testified that he, Strickland, and another person left the pool hall sometime after midnight and that they spent the early morning hours driving around drinking beer, finally arriving at Strickland's sister's apartment. Defendant testified that he was totally unaware that there were drugs at the apartment and denies any involvement in a scheme to distribute or sell cocaine. Defendant did testify, however, that the weapon found hidden with the cocaine belonged to him.

Strickland, who pled guilty to trafficking in cocaine before trial, testified at trial that he was introduced to defendant the morning before the arrest at a pool hall he often frequented. He further testified that he and defendant obtained the drugs which were found in the apartment at the pool hall from a third party, presumably a relative of defendant's. Strickland testified he was to sell the drugs and defendant was to return the proceeds from the sale to the third party. Strickland testified that due to heavy rain and a great number of po-

lice being in the area, no drugs were sold and that he, defendant, and another person went to his sister's apartment to decide what they should do with the unsold drugs.

"In Georgia, the testimony of an accomplice used to convict the accused of a crime must be supported by independent corroborating evidence as to the identity and participation of the accused tending to connect him to the crime or leading to the inference that he is guilty." *Eubanks v. State*, 240 Ga. 544, 545 (1) (242 SE2d 41) (1978). "The corroboration, however, need not be sufficient to warrant a guilty verdict or prove every element of the crime; it need only tend to connect and identify the defendant with the crime charged." (Punctuation omitted.) *Raines v. State*, 186 Ga. App. 239, 240 (2) (366 SE2d 841) (1988) (quoting *Fowler v. State*, 171 Ga. App. 491, 492 (1) (320 SE2d 219) (1984)). "The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said as a matter of law, that the verdict is contrary to the evidence. (Cits.) (Cit.) *Cole v. State*, 156 Ga. App. 288, 289-290 (1) (274 SE2d 685) (1980)." (Punctuation omitted.) *Adams v. State*, 191 Ga. App. 16, 18 (3) (381 SE2d 69) (1989). We find the fact that the defendant's gun was found hidden with the drugs in a shoe box inside the oven in the apartment is sufficient evidence to corroborate the testimony of Strickland, defendant's accomplice, to connect defendant with the crime for which he was convicted. We conclude, therefore, that pursuant to the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), a rational trier of fact could have found defendant guilty beyond a reasonable doubt of the crime charged.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED JUNE 5, 1991.

*Debra B. Randall, Andrei G. Howze*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carl P. Greenberg, Assistant District Attorneys*, for appellee.