## 55781. KENDRICK v. THE STATE.

BANKE, Judge.

The defendant, Forrest Kendrick, was convicted of armed robbery. He appeals the denial of his motion for new trial. *Held:*

1. The defendant enumerates as error the overruling of his motion for a directed verdict of acquittal and contends that the verdict and judgment were against the weight of the evidence and without evidence to support them.

(a) "The weight of the evidence 'is addressed to the trial court alone, not an appellate court. . . Even where an appellant proceeds directly by notice of appeal rather than by motion for new trial, the appellate courts undertake only to determine the sufficiency of the evidence, not to weigh it.' *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131)." *Minor v. State,* 139 Ga. App. 168, 169 (228 SE2d 33) (1976).

(b) The evidence showed that the defendant, a juvenile, and two friends embarked on a scheme to "rip the taxi off" by departing the cab without paying the fare. The defendant directed the driver to stop the cab, and one friend pulled a gun which he pointed at the driver. The defendant testified that he was then directed (against his will) to search the cab driver for weapons. The state contends that the defendant took $2 in change from the driver at this time. The defendant denies this and claims

that he had previously earned the money. The defendant then stepped from the car while his friend with the gun remained in the car. That friend then robbed, shot, and killed the driver. He later confessed to both crimes. He also testified that he thought the defendant took money from the driver.

The evidence sufficiently corroborates the friend's allegations of the defendant's participation in the armed robbery. The defendant himself admitted searching the driver, and it was a jury question as to whether he did so under duress or with criminal intent. The jury's finding of criminal intent (rather than coercion) was authorized by the defendant's own testimony that after the taxicab wrecked, he assisted his friend in hiding his gun, in disposing of two empty shells and his bloody and torn clothing, and that they went beer drinking using, in part, money taken from the driver. See *Hargrove v. State,* 125 Ga. 270 (54 SE 164) (1906); *Brown v. State,* 232 Ga. 838 (209 SE2d 180) (1974); *Horn v. State,* 140 Ga. App. 592 (2) (231 SE2d 414) (1976); Code Ann. § 38-121. The defendant's motion for a directed verdict of acquittal was, therefore, properly denied, and the evidence of guilt was sufficient to uphold the jury's verdict.

2. The defendant enumerates as error the admission into evidence of his written statement over his objection that it was involuntarily given. He contends that he was so fatigued at the time (1 p.m.) the statement was taken down that any statement given by him would of necessity have been involuntary. He also contends that his waiver of his Miranda rights earlier in the day (at 7 a.m., shortly after his arrest) was involuntary, thereby rendering his written statement inadmissible.

The evidence shows that on the night of the crime, the defendant did not return home until 4:30 a.m. and that he was arrested within the next few hours. And, while the defendant was in custody continuously from the time of his arrest until 1 p.m., there is no evidence that the police intentionally deprived him of sleep; and the defendant does not make such a contention. Furthermore, the defendant has indicated awareness of the content of his 1 p.m. statement to the police in that he testified at trial that he had not originally told the truth, ". . . but I

told the truth . . . when that lady was writing down that statement."

As to the defendant's allegations that his initial waiver of his Miranda rights was involuntary, the trial judge after hearing testimony and listening to the tape of the session made a specific finding that the police department's legal adviser's instruction to the defendant was "if you understand them say yes" and not a specific command to say "yes." Defendant's attorney admitted that that inference could probably be drawn but that the defendant had inferred another. The judge also noted that since the defendant was a juvenile his mother had been present at the session and had likewise indicated her consent to the waiver of his Miranda rights.

After reviewing the evidence as to the voluntariness of the defendant's statement, we find that the trial judge's decision to admit the defendant's statement into evidence was neither "clearly erroneous" nor an abuse of his discretion. See *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974); *High v. State,* 233 Ga. 153 (1) (210 SE2d 673) (1974).

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

SUBMITTED MAY 1, 1978 — DECIDED JULY 3, 1978.

*Markwalter, Cook & Shaffer, C. R. Cook,* for appellant.

*W. Donald Thompson, District Attorney, Willie L. Sands, Thomas J. Matthews, Assistant District Attorneys,* for appellee.