## 58126. DAVIS v. THE STATE.

CARLEY, Judge.

Davis was convicted of criminal attempt to commit armed robbery, carrying a pistol without a license, and carrying a concealed weapon. After denial of his motion for new trial, Davis appeals and enumerates here — as in

his motion for new trial — only the general grounds.

The state's evidence showed that Davis, along with co-defendant Love, entered the victim's place of business appearing to be prospective customers. When Love sought to purchase a soft drink, the victim took Love's money and, as he proceeded to the cash register to make change, both defendants approached him. Hearing one of the defendants state, "This is it," the victim looked up to see a gun in the hands of Davis. Reacting with indignation rather than fear, the victim successfully took the weapon from Davis and fired at Davis and Love, at which time both defendants attempted to exit the victim's premises and were apprehended in an alley adjacent to the victim's place of business.

Although Davis did not testify, he relied upon evidence offered by Love depicting a scenario wherein the victim was engaged in illegal gambling with the defendants entering the victim's establishment solely for the purpose of collecting a winning lottery ticket. On this basis, defendants sought to convince the jury that the victim was the aggressor. However, the guilty verdict indicates that the jury was unpersuaded; and this verdict must be upheld if there was evidence supporting the state's version of the occurrence. *Harris v. State,* 149 Ga. App. 374 (254 SE2d 518) (1979); *Walker v. State,* 146 Ga. App. 555 (246 SE2d 737) (1978); *Bethay v. State,* 235 Ga. 371 (219 SE2d 743) (1975). While the jury can and must weigh and analyze the evidence, an appellate court, in reviewing on the general grounds, is restricted to determining if there is sufficient evidence to support the verdict of the jury. *Kendrick v. State,* 146 Ga. App. 513 (246 SE2d 505) (1978); *Minor v. State,* 139 Ga. App. 168 (228 SE2d 33) (1976). Here the evidence was sufficient to authorize the jury to find, beyond a reasonable doubt, that Davis was guilty of the crimes charged and, therefore, his convictions must be affirmed.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

ARGUED JULY 2, 1979 — DECIDED SEPTEMBER 5, 1979.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert, III, Assistant District Attorneys,* for appellee.