S98A1697. KIMBLE v. THE STATE.

(509 SE2d 39)

BENHAM, Chief Justice.

Appellant Dequan Zikerly Kimble, 17, was convicted of malice murder and possession of a firearm during the commission of a crime in connection with the death of his former girlfriend, Jennifer Miller.[1] Jennifer was found in a Richmond County motel room with a gunshot wound to her head. It was stipulated that the medical examiner who performed the autopsy found as the cause of death "a close-range penetrating gunshot wound to the head which resulted in massive brain trauma." The State presented the testimony of two teenage girls who had witnessed the shooting. Each testified that appellant entered the motel room shortly after the three girls, and asked the victim about her statements the previous night when she had told him she did not want to see him anymore. Appellant then pulled a gun from his waistband and placed the barrel close to the victim's head. Shortly thereafter, the gun fired and the victim was fatally wounded. The two witnesses stated that the victim never slapped at appellant or the gun and did nothing to provoke appellant. Appellant presented the testimony of a witness who stated that the gun went off when the victim slapped at it. Appellant testified that he had been hurt by the victim breaking up with him and taking up with a man who had threatened appellant. Appellant stated that he had not aimed the gun at the victim, that he had not meant to shoot her, and that he did not know if he had pulled the trigger or if it had just gone off.

1. The evidence summarized above was sufficient to authorize a rational trier of fact to conclude beyond a reasonable doubt that appellant was guilty of malice murder and possession of a firearm

---

[1] Jennifer Miller was killed on April 14, 1996. A Richmond County grand jury returned a true bill of indictment on May 21, 1996, charging appellant with malice murder, felony murder (aggravated assault) and possession of a firearm during the commission of a crime. Appellant's trial commenced on October 24, 1996, and concluded the next day when the jury returned guilty verdicts on all three charges. On November 1, appellant was sentenced to life imprisonment for malice murder with a consecutive five-year sentence imposed for the possession conviction, and with the felony murder conviction vacated by operation of law. OCGA § 16-1-7. On February 27, 1997, the trial court granted appellant an out-of-time appeal and appellant filed a motion for new trial. The trial court denied the motion for new trial on March 30, 1998, and appellant filed a Notice of Appeal on April 28. The appeal was docketed in this Court on July 21, and submitted for decision on briefs.

during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). See also *McCord v. State*, 268 Ga. 499 (1) (491 SE2d 360) (1997).

2. Appellant contends the trial court erred when it did not give his requested charge on accident. The appellate record contains appellant's requested accident charge, and the trial transcript contains trial counsel's statement that he did not want an accident charge, but wanted the jury instructed on the law of voluntary and involuntary manslaughter.[2] A defendant who, in effect, withdraws a request to charge will not be heard to complain on appeal that the trial court erred when it failed to give the withdrawn charge. See *Smith v. State*, 260 Ga. 274 (7) (393 SE2d 229) (1990).

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 4, 1998.

*Jeffrey S. Bowman,* for appellant.

*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jayson Phillips, Assistant Attorney General,* for appellee.

---

[2] Counsel's remarks were made during a discussion outside the presence of the jury that was precipitated by the State's objection to remarks made by trial counsel during his opening statement. The charge conference, if any, was not transcribed and submitted as part of the trial transcript.