## S99A1779. SOMCHITH v. THE STATE.
(527 SE2d 546)

HINES, Justice.

Khamphay Somchith was convicted of malice murder in connection with the death of Gabrielle Allen. He appeals, asserting insufficient evidence and errors in the jury selection process and in the jury instructions. For the reasons that follow, we affirm.[1]

Construed to support the verdict, the evidence showed that Somchith and the victim, Gabrielle Allen, were romantically involved for four years and had a son, Eric. Allen and Eric moved from Somchith's residence in November 1997, but Somchith subsequently saw Allen and Eric about once a month. In June 1998, Somchith stabbed Allen in the chest and, in a separate incident, attacked her new boyfriend with a crowbar. On June 19, 1998, Somchith took a pistol from his father's house. He met with Allen and her sister Collins, and stated that he would be leaving the area. Allen let him take Eric shopping. Somchith, together with his brother, went shopping with Eric. Somchith's brother bought some bullets and gave them to Somchith. That evening Somchith, Collins, Allen, and Eric met at the home of Somchith's friend, Peo. Collins left to run an errand and, at Somchith's request, Peo also left, but Peo first asked if Somchith had a gun; he

---

[1] Allen was killed on June 19, 1998. On August 10, 1998, a Habersham County grand jury indicted Somchith for malice murder. He was tried January 6-7, 1999, and the jury found him guilty of malice murder. On April 12, 1999, he was sentenced to life in prison, nunc pro tunc to January 11, 1999. He moved for a new trial on January 29, 1999, and amended the motion on April 9, 1999. The motion was denied on June 9, 1999, and Somchith filed a notice of appeal on July 7, 1999. His appeal was docketed in this Court on August 31, 1999, and submitted for decision on October 25, 1999.

said no. Somchith and Allen argued about Allen's romantic involvement with other people. Somchith then shot her four times: once in the chest, piercing the heart; once into and through the arm, passing into the chest and lung; once downward through the lip and chin; and a contact shot to the right temple. It is not known which wound or wounds caused her death. Allen had raised her hand in a futile attempt to protect herself.

Somchith telephoned his brother and a friend and told each that he had killed Allen. Upon Peo's return, he also told Peo the same thing. He stated to the first officer on the scene: "I killed her; I've got a gun." Tests on the pistol taken from him showed that it had fired the fatal bullets. Somchith gave a taped statement in which he admitted killing Allen because of jealousy.

1. Somchith contends the evidence was insufficient to prove malice murder, only voluntary manslaughter provoked by Allen's sexual involvement with another man and their argument about it. See OCGA § 16-5-2 (a). However, ample evidence was presented that allowed the jury to infer malice. Somchith secured a pistol earlier on the day of the shooting. Before being left alone with the victim, Somchith was asked if he was armed and he lied, saying he was not. He shot Allen not once, but four times, including a contact wound to the head. The jury was instructed on voluntary manslaughter and malice murder, and the evidence was sufficient to enable a rational jury to reject voluntary manslaughter and to find beyond a reasonable doubt that Somchith was guilty of malice murder. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wooten v. State*, 270 Ga. 425 (510 SE2d 813) (1999).

2. Somchith sought to remove three jurors for cause. Whether to strike a juror for cause lies within the sound discretion of the trial court. *Garland v. State*, 263 Ga. 495, 496 (1) (435 SE2d 431) (1993). Before a juror is excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. Id.; *McClain v. State*, 267 Ga. 378, 380 (1) (a) (477 SE2d 814) (1996).

The first challenged juror was a courtroom bailiff who testified that because of his personal knowledge of the sheriff's deputies, including at least one who would be a witness, he "would have a difficult time" believing they were not truthful. That a juror expresses a belief in the credibility of a witness does not itself require that he be excused for cause. *Brown v. State*, 268 Ga. 354, 356 (3) (490 SE2d 75) (1997). The juror testified that he could put aside his personal relationships and decide the case based on the law and evidence, and the trial court did not abuse its discretion in refusing to strike him for cause. Id.

The second juror, a bank president, stated that he personally knew the district attorney because of prior prosecution of cases involving the bank. Somchith contends that the possibility of a recurrence of such prosecutions could influence this juror, but the juror repeatedly testified that he did not believe any relationship with the district attorney would influence his deliberations and there was no abuse of discretion. Id.

The third juror testified about her belief that a person should take the life of another only in cases of self defense. Somchith argues that inasmuch as he attempted to convince the jury that he was guilty only of voluntary manslaughter, this juror could not be fair and impartial toward him, given her belief and his admission of the killing. However, she too, affirmatively responded to questions concerning her ability to set aside her own opinions and decide the case on the court's instructions. Id. Further, her testimony about her beliefs did not show a fixed opinion about Somchith's guilt or innocence. See *Garland,* supra; *McClain,* supra.

3. The court refused to give Somchith's requested charge on provocation caused by the "deceased's adulterous conduct." A requested charge must be "legal, apt and *precisely* adjusted to some principle involved in the case and be authorized by the evidence." (Emphasis in original; punctuation omitted.) *Lane v. State,* 268 Ga. 678, 680 (2) (492 SE2d 230) (1997). Adultery is committed by "a married person." OCGA § 16-6-19. In order to prove adultery, a marriage must be shown. *Lamar v. State,* 243 Ga. 401, 403 (5) (254 SE2d 353) (1979). Here it is undisputed that Somchith and Allen were not married and there was no error in refusing to give the charge.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 6, 2000.

*Juwayn N. Haddad,* for appellant.

*Michael H. Crawford, District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General,* for appellee.