## A00A0178. ADAMS v. THE STATE.
(534 SE2d 538)

PHIPPS, Judge.

Earl Lewis Adams appeals his convictions of armed robbery and kidnapping. He raises two enumerations of error: (1) the trial court erred in admitting his confession into evidence because it was not freely and voluntarily given; and (2) the evidence was insufficient to support the convictions. We find that the trial court properly admitted Adams's confession and that the evidence was sufficient, and we affirm.

Viewed in the light most favorable to the verdict, the evidence authorized the jury to find that the following occurred. In the days preceding January 31, 1998, Adams and his cousin Johnny Whitlock made plans to rob the Parkway Pantry convenience store in Griffin. They watched the store once or twice to see when the store clerk closed it. Then, on January 31, Adams drove Whitlock to the store near closing time, and Whitlock entered armed with a shotgun, covering his face with a blue knit skull cap with cut-out eyeholes. Whitlock pointed the shotgun at the store clerk and ordered her to give him the money. The clerk gave Whitlock the money from the register and, pursuant to an order from Whitlock, went into a closet. Whitlock then left the store and got into Adams's car, and Adams drove away. Whitlock and Adams later split the money.

While executing search warrants, police found the blue knit skull cap in the glove compartment of Adams's car and the shotgun under a mattress in Whitlock's home. Afterward, Adams gave a signed confession.

1. Adams asserts that his confession was not voluntary because he feared reprisal from Whitlock. According to Adams, Whitlock had

threatened to shoot him if he did not drive the getaway vehicle and had told him "what he would do" to him if he told anyone of Whitlock's participation in the robbery.

Nonetheless, Adams stated unequivocally in his confession that Whitlock was the principal actor in the robbery. This undermines his assertion that his confession was the product of fear instilled by Whitlock.

And even if Adams had confessed because he feared Whitlock: "[t]he coercion proscribed by *Miranda* must be caused by the police. Indeed, the Fifth Amendment privilege is not concerned with moral and psychological pressures to confess emanating from sources other than official coercion."[1]

With regard to the police, Adams testified at his *Jackson-Denno* hearing, "They went by the rules pretty much as far as I know." The record shows that Adams was advised of all his applicable rights, that he had a high school education, that he did not appear to be under the influence of alcohol or drugs, that he expressed an understanding of the rights read to him, and that he never expressed a desire to invoke any of those rights. Adams further testified that the police did not threaten him or induce him to confess by a promise of benefit, that he gave his confession freely, and that "the truth came out." We find no error in the court's determination that Adams's confession was freely and voluntarily given and therefore admissible.

2. Adams's claim of insufficiency of the evidence is based on a contention that he lacked the requisite criminal intent because he acted under duress in driving Whitlock to and from the robbery location. Adams does not dispute that the evidence was sufficient to establish that the crimes of armed robbery and kidnapping occurred.

Whether Adams acted with criminal intent or under duress was a question for the jury.[2] A rational trier of fact could have found the requisite criminal intent from evidence that Whitlock and Adams had jointly watched the store to determine the best time to rob it, that they planned for Adams to receive a share of the robbery proceeds for acting as the getaway driver, and that Adams did in fact receive a share of the money taken in the robbery.[3] We find that the evidence was sufficient to convict Adams of both charges.

*Judgment affirmed. Johnson, C. J., and McMurray, Senior Appellate Judge, concur.*

---

[1] (Citations and punctuation omitted.) *Cook v. State*, 270 Ga. 820, 826 (2) (514 SE2d 657) (1999).

[2] See *Kendrick v. State*, 146 Ga. App. 513, 514 (1) (b) (246 SE2d 505) (1978).

[3] Id.; see generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

DECIDED MAY 10, 2000.

*Sullivan & Sturdivant, Harold A. Sturdivant, Michele K. Ogletree,* for appellant.

*William T. McBroom III, District Attorney, Daniel A. Hiatt, Assistant District Attorney,* for appellee.