A01A1806. ABONZA v. THE STATE.
(555 SE2d 781)

JOHNSON, Presiding Judge.

A DeKalb County jury convicted Pedro Abonza of trafficking in cocaine. He appeals from the denial of his motion for new trial, contending that the evidence was insufficient to support the conviction. He maintains that the evidence showing he was a party to the crime of selling cocaine was insufficient given his own testimony that he was present only to translate for a Spanish-speaking friend. Because we find the evidence sufficient, we affirm.

On appeal, Abonza no longer enjoys the presumption of innocence, and the evidence is viewed in the light most favorable to the verdict.[1] The evidence shows that a confidential informant called a DeKalb County narcotics detective with information that he had arranged to purchase a kilogram of cocaine from a man named "Javier." Subsequently, the detective met with the informant in a Home Depot parking lot to set up the drug buy. The informant was

[1] *Toney v. State*, 225 Ga. App. 228 (483 SE2d 627) (1997).

fitted with a body wire and followed to an apartment complex where he met with several persons, including Abonza and Javier. The informant left the apartment and drove back to the Home Depot in Abonza's truck. Abonza and Javier were with him. When they arrived, the detective was introduced to Abonza and Javier as the potential buyer. The informant got out of the truck and left. After the informant left, the officer talked with Abonza and Javier about the terms of the drug transaction. The officer testified that Abonza admitted that the amount of cocaine was less than the expected kilogram and that the purity of the cocaine was not what he would like, but that he would have two additional kilograms available the following Saturday.

After this exchange, Abonza and Javier got out of the truck, and Abonza removed a speaker box from behind the seat. Abonza unscrewed the speaker box and removed a plastic bag containing a hard chunky substance, which later tested positive as cocaine. Abonza held up the bag containing the cocaine, and the officer handed Abonza a bag containing cash. While Abonza was counting the money, the officer signaled the other police officers to move in for the arrest. The narcotics officer who made the buy testified that although he talked with both men during the drug sale, Abonza appeared to take the lead in the conversation.

Abonza testified at trial that he was at the scene only because his girlfriend's brother had asked him to go along and because Javier did not speak English well. He argues that he had nothing to do with setting up the drug deal and that his mere presence at the scene as a translator is not sufficient to convict him as a party to the crime.[2] He testified that he was not aware that the drugs were in his truck and that he rode along with the informant and Javier to protect his truck. Abonza argues that the evidence was not sufficient to show that he intended to commit the crime of trafficking in cocaine.

An appellate court does not weigh the evidence or determine witness credibility, but only determines whether the evidence is sufficient under the standard set out in *Jackson v. Virginia*.[3] While mere presence at the scene of a crime is not sufficient evidence to convict, criminal intent can be inferred from companionship, presence, and conduct before, during, and after an offense.[4]

Abonza's position that reversal is required because he was merely a bystander at the scene of the crime is without merit. The

---

[2] See *Blackmon v. State*, 272 Ga. 858, 859 (1) (536 SE2d 148) (2000).

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *King v. State*, 213 Ga. App. 268, 269 (444 SE2d 381) (1994).

[4] *Dunn v. State*, 248 Ga. App. 223, 224-225 (1) (546 SE2d 27) (2001); *Norris v. State*, 220 Ga. App. 87, 89 (2) (469 SE2d 214) (1996).

detective testified that Abonza both unscrewed the speaker and removed the cocaine. It was Abonza who told the officer of the cocaine's purity and weight and who, upon receiving the money, counted it. All of his actions indicate more than a mere bystander's interest in the transaction and certainly indicate the necessary intent to commit a crime.

Intent is a question for the trier of fact and not for determination upon review by this Court.[5] Here, the evidence was sufficient to authorize the jury to find that Abonza intended to commit the act of trafficking in cocaine.

*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED OCTOBER 19, 2001.

*Lynch, Spears & Shuman, John H. Tarpley*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, James M. McDaniel, Assistant District Attorneys*, for appellee.

[5] See *Kendrick v. State*, 146 Ga. App. 513, 514 (1) (b) (246 SE2d 505) (1978).
[1] *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896).