A01A2089. TORRES v. THE STATE.
(558 SE2d 850)

ELLINGTON, Judge.

A DeKalb County jury convicted Javier Torres of trafficking in cocaine, OCGA § 16-13-31 (a). Following the denial of his motion for new trial, Torres appeals, contending the evidence was insufficient to convict; the trial court erred in refusing to excuse a juror; the trial court erred in refusing to give a requested jury charge; and he received ineffective assistance of counsel. Finding no error, we affirm.

On appeal from a criminal conviction, the defendant no longer enjoys the presumption of innocence, and the evidence must be construed in the light most favorable to the jury's verdict. *Reeves v. State*, 244 Ga. App. 15, 17 (1) (a) (534 SE2d 179) (2000). So viewed, the evidence shows that a friend of Torres asked him if he knew someone who could find him a kilo of cocaine. That friend was a confidential informant who was assisting a narcotics detective. At trial, Torres admitted that he introduced the informant to Pedro Abonza and another man so that the sale of cocaine could take place. In exchange, Torres understood the informant would get him work. Torres also testified that he was present when the men met in his apartment to discuss the sale and that he rode with Abonza to make the sale.

The narcotics detective who was to make the buy arranged to meet the informant and the seller in a Home Depot parking lot. The informant told the detective to expect "Javier." Torres and Abonza were passengers in a pickup truck the informant drove to the drug buy. The informant introduced the detective to "Javier" (Torres) and "Pedro" (Abonza). The detective negotiated the terms of the drug transaction with Abonza. After the terms of the transaction were settled, Torres and Abonza got out of the truck and folded the seat down. Abonza removed a speaker box from behind the seat. Together, Torres and Abonza unscrewed the speaker box. Abonza then removed a plastic bag containing a hard chunky substance and handed it to the detective. The white substance later tested positive as cocaine, with a purity of 29 percent and a weight of 897 grams.

A grand jury indicted Torres and Abonza for trafficking in cocaine. In separate trials, they were convicted and sentenced to 25 years. See *Abonza v. State*, 252 Ga. App. 104 (555 SE2d 781) (2001).

1. Torres maintains that the evidence was insufficient to support his conviction for trafficking in cocaine in that there was no evidence that he intended to participate in the sale of the cocaine or that he was a party to the crime. In support of this argument, Torres points to the detective's testimony that Abonza, rather than Torres, negotiated the terms of the sale. Torres also points to his own testimony that he did not know where he was going when he rode in the truck with the informant and Abonza, that he did not know that there was cocaine in the truck, and that he did not know what the terms of the sale were.

Abonza advanced a similar "mere presence" defense at trial and on appeal challenged the sufficiency of the evidence. *Abonza v. State*, supra, 252 Ga. App. at 104. We found no merit in Abonza's argument, and we reach the same conclusion here. Id.

> An appellate court does not weigh the evidence or determine witness credibility, but only determines whether the evidence is sufficient under the standard set out in *Jackson v. Virginia*[, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)]. While mere presence at the scene of a crime is not sufficient evidence to convict, criminal intent can be inferred from companionship, presence, and conduct before, during, and after an offense. [Torres'] position that reversal is required because he was merely a bystander at the scene of the crime is without merit. . . . All of [Torres'] actions indicate more than a mere bystander's interest in the transaction and certainly indicate the necessary intent to commit a crime. Intent is a question for the trier of fact and not for determination upon review by this Court. Here, the evidence was sufficient to authorize the jury to find that [Torres] intended to commit the act of trafficking in cocaine.

(Footnotes omitted.) Id. at 105-106.

2. Torres contends the trial court erred in refusing to excuse for cause a potential juror who expressed doubts about his ability to be impartial.

> Before a juror can be disqualified for cause, it must be shown that an opinion held by the potential juror is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. The decision to strike a

juror for cause lies within the sound discretion of the trial court, and that decision will not be disturbed absent an abuse of discretion.

(Citations and footnotes omitted.) *Rocha v. State*, 248 Ga. App. 53 (1) (545 SE2d 173) (2001).

In this case, the prospective juror commented that his niece was killed by her boyfriend, a drug dealer. When asked whether he could set that aside and listen to the evidence impartially, the juror equivocated and said that he would rather not. The trial court then questioned him and emphasized that the issue was not whether he wanted to listen to the evidence, but whether he could be impartial and fair. The juror then stated that he could sit fairly and impartially. After the trial court denied his motion to strike the juror for bias, Torres used one of his peremptory strikes to remove the juror.

This is not a case where the trial court coercively "rehabilitated" a prospective juror who had expressed well-founded doubts about being able to serve impartially because of a close relationship with one of the parties or because of extrajudicial knowledge of the events at issue. Cf. *Cannon v. State*, 250 Ga. App. 777, 778-780 (1) (552 SE2d 922) (2001) (conviction reversed where trial court rehabilitated juror who had a personal relationship with the victim and extrajudicial knowledge of the rape); *Walls v. Kim*, 250 Ga. App. 259 (549 SE2d 797) (2001) (wrongful death judgment reversed where trial court rehabilitated juror, a nurse, who had worked with the defendant doctor and stated she would favor the doctor in the litigation). Because there was no indication that the prospective juror in this case was so biased that he could not render an impartial verdict based on the evidence, the trial court did not abuse its discretion in refusing to remove him for cause. *Evans v. State*, 210 Ga. App. 804, 805 (437 SE2d 495) (1993).

3. Torres contends that the trial court erred in failing to give a requested jury instruction on hearsay. The requested charge explained that certain hearsay told to a police officer was admissible only to explain the officer's conduct, not as evidence of guilt. Torres argues that because the lead detective testified about what the informant told him, and the informant did not testify, the charge was indicated. But during the charge conference, Torres' counsel agreed with the trial court that there had been no such hearsay and the charge was not required.[1] Because Torres, "in effect, [withdrew the]

---

[1] During the charge conference, the following exchange took place: "The Court: 'I don't think we had any hearsay covered by this [requested charge], do we?' Torres' Counsel: 'No, I don't think there is any direct hearsay, Judge. I was planning on withdrawing it.' The Court: 'Okay.' Torres' Counsel: 'I'll let the court rule.' The Court: 'I won't give it.'"

request to charge[, he] will not be heard to complain on appeal that the trial court erred when it failed to give the withdrawn charge." (Citation omitted.) *Kimble v. State*, 270 Ga. 311, 312 (2) (509 SE2d 39) (1998).

4. Torres contends his trial counsel was ineffective for failing to adequately explain the consequences of not accepting a plea offer to a lesser sentence. Upon conviction, Torres received the minimum 25-year prison sentence required for a "third-tier" cocaine trafficking violation, i.e., possession or sale of 400 grams or more of cocaine. OCGA § 16-13-31 (a) (1) (C). He now maintains that he did not understand that if he rejected the State's pretrial offer of a plea agreement to serve 15 years and was convicted, he would receive a mandatory minimum 25-year sentence. He asserts that his trial counsel led him to believe that even if he went to trial he might get a 15-year sentence.

"A trial court's finding that a defendant has not been denied effective assistance of trial counsel will be affirmed unless clearly erroneous. Here [Torres] must overcome the strong presumption that defense counsel's conduct falls within the broad range of reasonable professional conduct." (Citations omitted.) *Gilbert v. State*, 208 Ga. App. 258, 263 (4) (430 SE2d 391) (1993). Although Torres' own testimony was equivocal, there was evidence to support the trial court's finding that counsel adequately informed Torres of the consequences of refusing the State's plea offer of 15 years. Torres testified at the new trial hearing that his counsel told him, "If I said that I was guilty, I would be given 15; if not, I would go to trial and I would get 25." His counsel testified that he repeatedly explained the State's plea offer and the consequences of risking conviction at trial on a third-tier trafficking offense. The trial court's finding that Torres was not denied effective assistance of counsel is not clearly erroneous and will not be disturbed. See *Hammonds v. State*, 218 Ga. App. 423-424 (1) (461 SE2d 589) (1995) (defendant's claim that counsel did not adequately discuss plea with him contradicted by counsel's testimony that they discussed plea offer several times).

*Judgment affirmed. Johnson, P. J., and Ruffin, J., concur.*

DECIDED JANUARY 16, 2002 —

*Lohmeier & Lohmeier, Gregory J. Lohmeier*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Elisabeth G. Macnamara, Assistant District Attorneys*, for appellee.