## A02A1671. THOMAS v. THE STATE.
(571 SE2d 178)

ELDRIDGE, Judge.

A Fulton County jury found Morris Thomas guilty of aggravated assault, which charge arose when he pointed a pistol at his ex-girlfriend and threatened to kill her; the jury acquitted him of kidnapping and armed robbery charges arising from the same incident. He appeals, challenging the sufficiency of the evidence against him and claiming error in the trial court's failure to strike for cause two potential jurors. We affirm.

1. In challenging the sufficiency of the evidence, Thomas first contends that, since the jury acquitted him of the kidnapping and armed robbery charges, they could not have found him guilty of aggravated assault. We disagree.

On appeal, this Court determines evidence sufficiency. We do not weigh the evidence or determine witness credibility. The evidence is sufficient as a matter of law if, when viewed in the light most favorable to the verdict, a rational trier of fact could find all the essential elements of the crimes charged beyond a reasonable doubt.[1]

Here, the evidence of record shows that the victim willingly got into a vehicle with Thomas; once there, Thomas beat the victim to such an extent that an officer testified at trial, "she had been beat up pretty good"; Thomas then removed $400 from the victim's purse; thereafter, when the victim attempted to flag down a security guard, Thomas pointed a pistol at her and threatened to kill her. When Thomas was arrested shortly after the incident, a pistol was found under the driver's seat of the vehicle. Thus, chronologically, the offense of aggravated assault as indicted (assault with the pistol) was unrelated to the other two offenses and occurred after they were complete. "These verdicts are not necessarily inconsistent. Even if they were, the inconsistent verdict rule has long been abolished in criminal cases."[2]

Thomas also claims the evidence was insufficient to show that he threatened to kill the victim, as was alleged in the indictment. However, the investigating officer testified that, in her statement to the police on the scene, the victim stated Thomas "put the gun to her head and told her he would kill her if she screamed." This evidence is sufficient to prove Thomas threatened to kill the victim.

Further, such threat is not an essential element of the indicted form of aggravated assault, OCGA § 16-5-21 (a) (2) — assault with a deadly weapon. The victim's testimony that Thomas pointed a pistol

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).
[2] (Citation omitted.) *Walker v. State*, 271 Ga. 328, 329 (1) (519 SE2d 670) (1999).

at her and that she "was very much afraid" was sufficient to establish the indicted offense.

> A variance in proof from that alleged in the indictment is only fatal if two crucial requirements are not met. These are (1) that the accused be definitely informed as to the charges against him, so that he is able to present his defense, and (2) that he may be protected against another prosecution for the same offense.[3]

The threat to kill alleged in the indictment did not impact on either of the two requirements outlined above in establishing the elements of the indicted offense under OCGA § 16-5-21 (a) (2). Accordingly, a failure in proof as to such threat would not impact on the validity of Thomas' conviction for aggravated assault. "[A]n unnecessary description of an unnecessary fact need not be proved."[4]

2. Thomas contends the trial court erred in refusing to strike for cause jurors Dave Beck and Cessie Henderson because both jurors were not impartial between the State and the defense due to prior life experiences with violence. However, we have reviewed the voir dire responses of both jurors and find this contention meritless.

Both jurors stated that personal experiences with violence led them to doubt their ability to be impartial as to the offense — *if the facts as alleged were proved by the State*. Neither juror had formed an opinion as to Thomas' guilt or innocence, nor had they pre-judged the evidence. "[A] trial court is not obligated to strike a juror for cause in every instance where the potential juror expresses doubts about his or her impartiality or reservations about his or her ability to set aside personal experiences."[5] There is a legal difference between (a) a potential juror who, because of life experiences, expresses doubt that he or she can be impartial *if evidence* triggers those experiences, and (b) a juror who, because of life experiences, cannot listen to the evidence before forming a judgment.[6] While the former category may or may not merit a peremptory strike, the latter category does merit a strike for cause.[7] Juror Beck's and juror Henderson's concerns about

---

[3] (Citation and punctuation omitted.) *Evans v. State*, 241 Ga. App. 32 (1) (525 SE2d 780) (1999).

[4] (Citation omitted.) *Bell v. State*, 227 Ga. 800, 802 (183 SE2d 357) (1971).

[5] *Wilson v. State*, 271 Ga. 811, 815 (5) (a) (525 SE2d 339) (1999).

[6] *Holmes v. State*, 269 Ga. 124, 126 (2) (498 SE2d 732) (1998).

[7] See *Walls v. Kim*, 250 Ga. App. 259, 260 (549 SE2d 797) (2001), aff'd, *Kim v. Walls*, 275 Ga. 177 (563 SE2d 847) (2002) (juror states during voir dire that her personal relationship with a party to suit made her partial to that party prior to the introduction of evidence); compare *Wagner v. State*, 253 Ga. App. 874, 881 (560 SE2d 754) (2002) ("No . . . personal interest was evident in the juror challenged."); *Torres v. State*, 253 Ga. App. 318, 320 (558 SE2d 850) (2002) (no expression of "well-founded doubts about being able to serve impar-

their impartiality fall into the former category. "Although both expressed some reservations about their ability to put aside their experiences, neither suggested that he or she had already formed an opinion as to [Thomas'] guilt or innocence."[8] In that regard,

> [f]or a juror to be excused for cause, it must be shown that he or she holds an opinion of the guilt or innocence of the defendant that is so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence. . . . A conclusion on an issue of juror bias is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference. Nothing in the juror[s'] responses compels a finding that [they] had formed *an opinion of [Thomas'] guilt or innocence* that was so fixed and definite that [they] would be unable to set the opinion aside, or that [they] would be unable to decide the case based upon the court's charge and upon the evidence. It was not an abuse of discretion to refuse to excuse the juror[s].[9]

*Judgment affirmed. Smith, P. J., and Ellington, J., concur.*

DECIDED AUGUST 30, 2002 —
RECONSIDERATION DENIED SEPTEMBER 11, 2002 — 

*Bruce S. Harvey, David S. West,* for appellant.
*Paul L. Howard, Jr., District Attorney, Elizabeth A. Baker, Assistant District Attorney,* for appellee.

---

tially because of a close relationship with one of the parties or because of extrajudicial knowledge of the events at issue").

[8] *Holmes v. State,* supra at 126-127.

[9] (Citations omitted; emphasis supplied.) *Corza v. State,* 273 Ga. 164, 166 (3) (539 SE2d 149) (2000); accord *Waldrip v. State,* 267 Ga. 739, 745 (8) (c) (482 SE2d 299) (1997).