S03A0297. ANDERSON v. THE STATE.
(578 SE2d 890)

CARLEY, Justice.

Antonio Anderson was convicted of malice murder, aggravated assault and possession of a firearm during commission of a felony. The trial court imposed a life sentence for murder and a consecutive 20-year and 5-year sentence respectively for aggravated assault and the weapons offense. Anderson moved unsuccessfully for new trial, and now brings this appeal.[1]

1. After Patricia Rosemond stepped from a bus while carrying her two-year-old granddaughter Diamond, she was killed and the child was shot in the leg. Several armed men were nearby, and eye-

---

[1] The crimes occurred on July 10, 2000. The grand jury indicted Anderson on July 28, 2000. The jury returned the guilty verdicts on June 12, 2001. The trial court entered judgments of conviction and imposed the sentences on August 23, 2001. Anderson filed a motion for new trial on September 10, 2001, and the trial court denied that motion on September 9, 2002. Anderson filed a notice of appeal on October 9, 2002, and the case was docketed in this Court on October 31, 2002. The case was submitted for decision on December 23, 2002.

witnesses identified Anderson as the shooter. When construed most strongly in support of the verdicts, the evidence was sufficient to find him guilty beyond a reasonable doubt of malice murder of Ms. Rosemond, aggravated assault on her granddaughter and possession of a gun during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Arthur v. State*, 275 Ga. 790 (1) (573 SE2d 44) (2002).

2. Anderson enumerates as error the trial court's refusal to disqualify prospective juror Donald Pacifici for cause. The record shows that Mr. Pacifici did not express a fixed opinion regarding guilt, and he did not state that he could not decide the case on the basis of the evidence and the trial court's instructions. He indicated some doubt as to whether, as a grandfather himself, he could be fair in a case in which a grandparent and grandchild were the victims. However, a trial court is not required to strike for cause a potential juror who simply questions "his or her impartiality or [expresses] reservations about his or her ability to set aside personal experiences. [Cits.]" *Wilson v. State*, 271 Ga. 811, 815 (5) (a) (525 SE2d 339) (1999). Here, Mr. Pacifici was not unalterably prejudiced against Anderson, and he simply expressed empathy for the victims regardless of who perpetrated the crime against them. Thus, striking him for cause was not demanded. *Thomas v. State*, 257 Ga. App. 350, 351 (2) (571 SE2d 178) (2002).

The trial court did not improperly rehabilitate the prospective juror. Its questioning was objective and calculated to clarify Mr. Pacifici's views in order to determine his qualification to serve as a juror in the case. *Brannan v. State*, 275 Ga. 70, 77-78 (6) (561 SE2d 414) (2002). During the trial court's inquiry, he did not indicate any pre-conceived notion of Anderson's guilt, and he stated that his decision in that regard would be based on the evidence and the trial court's charge. See *Holmes v. State*, 269 Ga. 124, 125 (2) (498 SE2d 732) (1998).

Whether to strike a potential juror for cause is a matter addressed to the trial court's sound discretion. *Somchith v. State*, 272 Ga. 261, 262 (2) (527 SE2d 546) (2000). A determination that a prospective juror is or is not biased "is based on findings of demeanor and credibility which are peculiarly in the trial court's province, and those findings are to be given deference. [Cit.]" *Holmes v. State*, supra at 126 (2). Considering the entirety of the voir dire of Mr. Pacifici, the trial court did not abuse its discretion in refusing to strike him for cause. *Corza v. State*, 273 Ga. 164, 166 (3) (539 SE2d 149) (2000).

*Judgments affirmed. All the Justices concur.*

DECIDED MARCH 27, 2003.

*Sarina J. Woods*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.