A03A2494. HEADSPETH v. THE STATE.
(593 SE2d 742)

MILLER, Judge.

Beverly Headspeth was convicted of the involuntary manslaughter of a three-year-old child left in her care. She was also convicted of reckless conduct, contributing to the deprivation of a minor, and four counts of cruelty to children. Headspeth appeals, citing several enumerations of error. Upon review, we see no error and affirm.

Viewed in the light most favorable to the verdict, the evidence showed that four children were left in Headspeth's care after their mother, Headspeth's daughter, was incarcerated. One evening Headspeth left three of the children in the care of her own son, J. H., who was then eleven years old. J. H. drowned three-year-old A. H. in the bathtub while Headspeth was away. There was also evidence that Headspeth's boyfriend (who was also charged with cruelty to children) beat the children with a belt in Headspeth's presence.

1. In her first enumeration, Headspeth contends that the court erred in denying her demurrer to the indictment. She contends that Count 2 (reckless conduct) of the indictment is unconstitutionally vague as it failed to give her sufficient notice that her conduct constituted a crime.

Assuming but not deciding that the court erred in denying Headspeth's motion, we note that Count 2 was merged into Count 1 (involuntary manslaughter) for sentencing purposes; thus, Headspeth is unable to demonstrate any harm resulting from the court's denial. See *Jackson v. State,* 251 Ga. App. 781, 785 (3) (555 SE2d 136) (2001); *Bolick v. State,* 244 Ga. App. 567, 572 (1) (f) (ii) (536 SE2d 242) (2000). "[I]t is axiomatic that harm as well as error must be shown to authorize a reversal by this court." (Punctuation and footnote omitted.) *Buckalew v. State,* 249 Ga. App. 134, 136-137 (2) (547 SE2d 355) (2001).

2. In her second enumeration, Headspeth contends that the trial court erred in failing to excuse a juror for cause. In response to defense counsel's questioning, a venire member stated that she could not bear to listen to any testimony that involved the mistreatment of a child. Defense counsel then asked the potential juror as to whether she would still have those feelings if the judge gave her certain instructions. She responded, "I really, honestly don't know how I would react. I would certainly try to listen to the facts, and I'm pretty good at that, but, I don't know."

Whether to strike a potential juror for cause is a matter addressed to the sound discretion of the trial court. *Torres v. State*, 253 Ga. App. 318, 319-320 (2) (558 SE2d 850) (2002). A trial court is not required to strike a potential juror for cause who simply questions her impartiality or expresses reservations about her ability to set aside personal experiences. *Anderson v. State*, 276 Ga. 389, 390 (2) (578 SE2d 890) (2003). Here, the potential juror was not unalterably prejudiced against Headspeth, but "simply expressed empathy for the victims regardless of who perpetrated the crime against them." Id. Therefore, we hold that the trial court did not abuse its discretion in refusing the strike the juror for cause.

3. Headspeth argues in her third enumeration of error that the court erred in allowing a juror to remain on the jury after the juror admitted that he had heard that Headspeth's bond had been revoked. She argues that the juror violated the trial court's instruction not to discuss the case with anyone.

Unbeknownst to the jury, Headspeth's bond was revoked during trial. The following day, the court asked the jurors whether they had heard any information regarding the bond revocation. One juror responded that he had heard such information, and outside of the presence of the jury, explained that his wife had told him that "the lady had to go back to jail because something was in a glass case, and that's all I heard."

Any potential harm here was cured, however, as (1) the juror stated that he could put what he had heard aside and that the information did not affect him in any way, (2) there was no evidence that the juror shared this information with the other jury members, and (3) the court instructed the jury that it could not consider anything it heard outside of court as such information was not evidence. See *Fulcher v. State*, 259 Ga. App. 648, 651 (4) (578 SE2d 264) (2003); cf. *Boles v. State*, 168 Ga. App. 904, 907-908 (2) (310 SE2d 741) (1983). Thus, we cannot conclude that any alleged juror misconduct was so prejudicial as to deny Headspeth due process.

4. In her fourth enumeration, Headspeth argues that the trial court erred in denying her motion for directed verdict on child cruelty because the State failed to show beyond a reasonable doubt that

Headspeth's boyfriend was a parent, guardian, or caregiver charged with the care of the children. More specifically, she argues that she could not be convicted as a party to the crime of cruelty to children where there was no evidence that her boyfriend was a guardian of the children.

Headspeth's argument is misguided. The indictment charged her with cruelty to children in the first degree for wilfully and maliciously causing excessive physical and mental pain to the children by beating them with a belt. These counts of the indictment mirror the language of OCGA § 16-5-70 (b), which (unlike OCGA § 16-5-70 (a)) does not require that the perpetrator be a parent or guardian of the child. Thus, this argument is without merit, and the trial court correctly denied the motion for directed verdict on this ground.

5. In her fifth enumeration of error, Headspeth contends that the trial court erred in failing to give a jury instruction on how to find her not guilty, and in failing to send out with the jury the form reflecting such instruction. The court instructed the jury that if it "should find and believe beyond a reasonable doubt that the defendants . . . did . . . commit the offenses as alleged in the indictment, [it] would be authorized to find [them] guilty." The court further instructed the jury that "[i]f you find that both the defendants are not guilty on all counts, then that would terminate your consideration of the indictment, and in such event, the form of your verdict would be: we, the jury, find the defendants not guilty."

Considering the charge as a whole, we conclude that the trial court adequately apprised the jury of its duty to acquit Headspeth in the event that it did not find her guilty beyond a reasonable doubt. See *Stansell v. State*, 270 Ga. 147, 150-151 (4) (510 SE2d 292) (1998).

*Judgment affirmed. Smith, C. J., and Ruffin, P. J., concur.*

DECIDED JANUARY 26, 2004

*Mann & Moran, Teresa A. Mann, Tracey A. Moran, Benjamin A. Davis, Jr.,* for appellant.

*Paul L. Howard, Jr., District Attorney, Marc A. Mallon, Assistant District Attorney,* for appellee.