## S05A1676. GARRETT v. THE STATE.
(622 SE2d 323)

HUNSTEIN, Presiding Justice.

Appellant Lief Garrett was convicted of malice murder, felony murder and possession of a knife during the commission of a crime in connection with the fatal stabbing of Tyreek Seivwright. He filed a motion for new trial which was denied, and he appeals.[1] Finding no error, we affirm.

1. The evidence authorized the jury to find that on the day of the crimes, appellant accused the victim, who was a member of a rival gang, of "putting a hit" on him. The victim denied taking out a hit but agreed to take appellant to the person who did. Appellant then turned and fatally stabbed the victim. Viewing the evidence in the light most favorable to the verdict, we find that a rational trier of fact could have found appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends that the trial court erred by refusing to disqualify for cause a juror who had been the victim of an armed

---

[1] The crimes occurred on May 12, 2000. Appellant was indicted on August 31, 2000 by a Gwinnett County grand jury and charged with malice murder, felony murder, and possession of a knife during the commission of a felony. After a jury trial on November 18-22, 2002, the jury found appellant guilty of all charged crimes. The felony murder conviction was vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369 (5) (434 SE2d 479) (1993), and appellant was sentenced to life imprisonment on the malice murder count and a consecutive five-year term of probation on the possession count. Appellant filed a motion for new trial on December 12, 2002, which was amended on January 4, 2005. The motion was denied on February 11, 2005 and a timely notice of appeal was filed on March 9, 2005. The case was docketed in this Court on June 29, 2005, and submitted for decision on the briefs.

robbery. Although the juror expressed some concern as to the effect the incident might have on him, when specifically asked, the juror responded that nothing about his experience would make it difficult for him to be "fair and impartial" and upon further questioning he stated that he "would not be partial." A trial court is not required to strike for cause a potential juror who expresses "reservations about his or her ability to set aside personal experiences. [Cits.]" *Wilson v. State*, 271 Ga. 811, 815 (525 SE2d 339) (1999). See *Anderson v. State*, 276 Ga. 389 (2) (578 SE2d 890) (2003). The juror unequivocally stated he could be unbiased and impartial and nothing in the voir dire transcript indicates that the prospective juror's opinion was "so fixed and definite that the juror [would have been] unable to set the opinion aside and decide the case based upon the evidence and the court's instructions." (Footnote omitted.) *Head v. State*, 276 Ga. 131, 133 (2) (575 SE2d 883) (2003). Accordingly, it was not an abuse of the court's discretion to refuse to strike the juror for cause. See *Somchith v. State*, 272 Ga. 261 (2) (527 SE2d 546) (2000) (whether to strike potential juror for cause is left to trial court's discretion).

3. The admission of evidence of appellant's sexual relationship with his girlfriend was not error. It was the State's theory that appellant stabbed the victim at least in part because the victim had been courting appellant's girlfriend. The State is authorized to present evidence of a defendant's possible motive for committing a crime, *Clark v. State*, 271 Ga. 6 (4) (515 SE2d 155) (1999), and such evidence does not become inadmissible merely because it may incidentally place the defendant's character in issue. *Wolfe v. State*, 273 Ga. 670 (4) (a) (544 SE2d 148) (2001) (evidence of gang membership admissible to show motive); *Mize v. State*, 269 Ga. 646 (3) (501 SE2d 219) (1998) (evidence of racist beliefs and group affiliation admissible to demonstrate motive for crimes). Because the challenged evidence demonstrated the closeness of appellant's relationship with his girlfriend, it was relevant to the issue of motive and properly admitted into evidence.

4. Contrary to appellant's contention, the trial court did not err by allowing the State to ask his mother whether she believed the crimes were gang related. The question was asked for the purpose of laying the foundation to introduce her prior inconsistent statement after she testified in response to a defense question that she had not seen any indication that appellant was involved in gang activity. See OCGA §§ 24-9-81, 24-9-83.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 21, 2005.

*Edwin J. Wilson*, for appellant.

*Daniel J. Porter, District Attorney, Peter H. Boehm, Assistant District Attorney, Thurbert E. Baker, Attorney General, Chad E. Jacobs, Assistant Attorney General,* for appellee.