A07A1997. FENCIL v. THE STATE.
(654 SE2d 472)

BERNES, Judge.

A Gwinnett County jury convicted Scott Anthony Fencil of one count of kidnapping with bodily injury, two counts of rape, two counts of aggravated sodomy, one count of aggravated sexual battery, and one count of aggravated assault. On appeal from the denial of his motion for new trial, Fencil's sole contention on appeal is that the trial

court erred in failing to excuse three jury panel members for cause. Finding no error, we affirm.

> In order to disqualify a juror for cause, it must be established that the juror's opinion was so fixed and definite that it would not be changed by the evidence or the charge of the court upon the evidence. . . . Because the question of whether a prospective juror is biased involves a credibility determination, the decision to strike a juror for cause lies within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion.

(Citations and punctuation omitted.) *Johnson v. State*, 283 Ga. App. 524, 530 (6) (642 SE2d 170) (2007).

Fencil maintains that the trial court abused its discretion in failing to excuse Jury Panel Members 19, 24, and 46 for cause. During voir dire, Panel Member 19 testified that she had two nieces who had been sexually abused. The first niece had been sexually abused 15 years ago, while the second niece had been abused 20 years ago. Panel Member 19 noted that the sexual abuse had occurred in a different state and that she saw her nieces infrequently. Additionally, Panel Member 19 testified that she could put aside her knowledge of those incidents in evaluating the facts and evidence in the present case; that she could be fair and impartial; and that she was "pretty open-minded" and could listen to both sides because "[e]very case is different."

In turn, Panel Member 24 testified during voir dire that she had been robbed at gunpoint while working at a bank in Jackson County nine years ago. She went on to state that she could be objective in the present case and that there was nothing "about that experience that would prevent [her] from being fair and impartial."

Finally, Panel Member 46 testified that the bank where she worked for the first twelve years of her career had been robbed four times during her tenure there. She noted that the bank was located in Washington State and that the incidents had occurred "[a] long time ago." Panel Member 46 also testified that despite the armed robberies that occurred in her past, she could "be fair and impartial in this case to both sides."

Given this record, we conclude that the trial court did not abuse its discretion in declining to excuse Panel Members 19, 24, and 46 for cause. When a juror expresses a willingness to evaluate the evidence objectively, and when the juror's potential bias arises out of a personal experience with a particular type of crime rather than out of a close relationship with the parties involved in the case, the juror may be eligible for service. See *Garrett v. State*, 280 Ga. 30-31 (2) (622 SE2d

323) (2005); *Holmes v. State,* 269 Ga. 124, 125-126 (2) (498 SE2d 732) (1998); *Souder v. State,* 281 Ga. App. 339, 345-346 (3) (636 SE2d 68) (2006); *Brown v. State,* 243 Ga. App. 632, 633 (1) (534 SE2d 98) (2000). Here, none of the panel members had a personal connection to or relationship with anyone involved in the criminal case. Rather, the potential bias of Panel Member 19 arose from the fact that she had two distant family members who were victims of a similar crime many years ago, and the potential biases of Panel Members 24 and 46 arose from their past personal experiences with violent crime. Moreover, all three panel members unequivocally stated that they could set aside their experiences and be fair and impartial in evaluating the evidence.

> Under these circumstances, the record does not show that [Panel Members 19, 24, and 46] held such a fixed and definite opinion of [Fencil's] guilt or innocence that they would have been unable to adjudicate the case based on the evidence and the trial court's instructions. Thus, striking the potential jurors for cause was not demanded.

(Citations and punctuation omitted.) *Souder,* 281 Ga. App. at 346 (3). See also *Garrett,* 280 Ga. at 30-31 (2); *Holmes,* 269 Ga. at 125-126 (2); *Johnson v. State,* 262 Ga. 652-653 (2) (424 SE2d 271) (1993); *Walker v. State,* 277 Ga. App. 485, 486-487 (2) (627 SE2d 54) (2006); *Thomas v. State,* 257 Ga. App. 350, 351-352 (2) (571 SE2d 178) (2002).

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 28, 2007.

*Michael M. Sheffield,* for appellant.
*Daniel J. Porter, District Attorney, Tracie H. Cason, Assistant District Attorney,* for appellee.