*Torin D. Togut,* for appellants.
*Bruce H. Beerman,* for appellees.

## 62428. PARROTT v. THE STATE.

QUILLIAN, Chief Judge.
Defendant appeals his conviction for criminal attempt to commit extortion. *Held:*

The sole enumeration is that the trial court erred in admitting, over objection, fingerprint evidence concerning the unrelated activities of defendant's brother, thereby prejudicing defendant.

The state's evidence was that a business man was telephonically threatened over a period of several days that his children would be harmed if he did not pay a substantial sum of money. The threats culminated in the victim leaving a faked package of money at a place designated by the extortionist. Defendant was identified apparently searching for the money after it was left and apprehended when he fled. Fingerprint and voice identification evidence also indicated defendant's involvement.

Defendant's fingerprints were found on the automobile used in the attempt to pick up the extorted money and on a telephone instrument in a public telephone booth from which the extortionist had called the victim. The expert witness who made the fingerprint identification testified that he had received a total of 12 latent prints for identification but identified only two of them as defendant's. In cross examination, the defense elicited that some of the other prints were identified as those of Tony Parrott, defendant's brother, but the source of those prints was not established.

Thereafter, over an objection of immateriality, the state introduced evidence that the brother's fingerprints were found on two pieces of paper found in the car which had been used in the attempt to pick up the extorted money. The defendant had borrowed the car from his brother at the time it was so used.

While the brother's fingerprints were initially not material and were not offered by the state, the defense made them material by eliciting that they were also identified and thus creating a possible inference that the brother may have committed the crime. The state had the right to contradict such evidence with evidence that the brother was not criminally involved.

Pretermitting whether the introduction of evidence of the brother's fingerprints was prejudicial, the defendant having first

brought into evidence the fact that the brother's fingerprints were also identified, he cannot now complain that they were inadmissible because they were immaterial. Compare, *Lewis v. State,* 196 Ga. 755 (2) (27 SE2d 659).

In addition, even if the evidence was improperly admitted as defendant contends, because that evidence was first produced by defendant any possible error from its subsequent introduction by the state was rendered harmless. *Barrett v. State,* 146 Ga. App. 207 (1) (245 SE2d 890); *Garrett v. State,* 156 Ga. App. 33 (2) (274 SE2d 80).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1981.

*J. H. Affleck, Jr.,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.