## S99A0107. DUNCAN v. THE STATE.
(515 SE2d 388)

HUNSTEIN, Justice.

Reginald Duncan was convicted of the malice murder of Leroy Dixon, a/k/a Bo Diddly, who died as a result of a gunshot wound inflicted by Duncan. Duncan was sentenced to life imprisonment. He appeals from the denial of his motion for new trial.[1] We affirm.

1. The jury was authorized to find that on January 11, 1995 Duncan and Bo Diddly were involved in an argument about drugs and that during the argument Duncan went to a friend's nearby house and obtained a .380 caliber pistol. When Duncan returned he

---

[1] The homicide occurred on January 11, 1995. Duncan was indicted in Bryan County on November 6, 1995 on the charge of murder. He was found guilty on June 27, 1996 and sentenced to life imprisonment. His motion for new trial was filed July 3, 1996 and denied on August 18, 1998. A notice of appeal was filed on September 9, 1998. The appeal was docketed in this Court on October 14, 1998 and submitted for decision without oral argument.

fired two shots at Bo Diddly who was reaching into his car to unlock his car door. Bo Diddly was killed by a bullet which entered his back, passed through his lung and heart and lodged in his bicep. Duncan fled the scene and was later arrested and placed in a jail cell with an acquaintance, Addison. Duncan told Addison that he killed Bo Diddly and also informed him of the whereabouts of the concealed murder weapon. Duncan gave a statement to police in which he confessed that he shot Bo Diddly, although he claimed it was in self-defense because Bo Diddly had threatened him with a knife.

Viewed in a light most favorable to the verdict, we find this evidence sufficient to enable a rational trier of fact to find Duncan guilty of the crime charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Duncan contends the trial court erred in refusing to grant a mistrial after the prosecutor commented during closing argument on Duncan's failure to produce a witness.[2] A prosecutor is permitted to comment during closing argument on the failure of the defendant to produce a certain witness as long as the argument is derived from evidence properly before the fact finder. *Morgan v. State*, 267 Ga. 203, 206 (3) (476 SE2d 747) (1996). On cross-examination, a GBI agent identified Addison and another individual, Adrian Byrd, as individuals who witnessed the shooting. Accordingly, there was evidence before the jury of the existence of a witness with knowledge of material and relevant facts who was not called as a witness and it was proper for the State to comment on Duncan's failure to call such witness to testify at trial.

3. Parian, a GBI firearms expert, testified about the physical evidence relating to the gunshot which killed the victim. On cross-examination, Duncan's counsel sought to question Parian about the contents of a GBI crime lab report containing results of a blood test administered to Bo Diddly which showed that he was intoxicated at the time he was shot. Duncan's claim that the blood-alcohol test results should have been admitted under the business records exception to the hearsay rule lacks merit because there is nothing in the record to indicate that Parian was qualified to relate the facts upon which the entry of the blood-alcohol test results were made. Generally, "those portions of business records which contain conclusions, opinions, estimates and impressions of third parties who are not

---

[2] The prosecutor stated: "[The incident] occurred at a time when there's the defendant there and two of his buddies . . . Willie Addison and another person whom [Duncan's attorney] questioned [the police investigator] about, as if he had some great information that he would be willing to impart to you in this trial. He was not called by the defense. The man just disappeared. I submit to you that these were the defendant's friends who would say just about anything for him."

before the court are not admissible." *Malcolm v. State*, 263 Ga. 369, 370 (3) (434 SE2d 479) (1993). Assuming arguendo that Duncan had laid a proper foundation for the introduction of this report, the result would not change because we cannot review any alleged error about the admissibility of a report which is not included in the appellate record. Id. at 371 (3).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 27, 1999.

*David C. Walker,* for appellant.

*Dupont K. Cheney, District Attorney, James S. Archer, Assistant District Attorney, Thurbert E. Baker, Attorney General, Daniel G. Ashburn, Assistant Attorney General,* for appellee.