S03A1270. HERRING v. THE STATE.
(588 SE2d 711)

BENHAM, Justice.

Anthony Mason was shot multiple times in Fulton County on July 9, 2000, and died as a result of his wounds on August 6, 2000. Appellant Ronald Jeffrey Herring was convicted of and sentenced for the felony murder of Mason and possession of a firearm during the commission of a felony. He appeals the judgment of conviction entered against him.[1]

---

[1] Appellant was arrested on October 22, 2000. On November 21, 2000, the Fulton County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder (aggravated assault), felony murder (possession of a firearm by a convicted felon), aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. The two counts involving possession of a firearm by a convicted felon were bifurcated, and appellant's trial on the remaining charges took

1. Appellant admitted shooting the victim, but claimed he acted in self-defense. The State presented evidence that appellant and his girlfriend, the victim's sister, were in a physically-abusive relationship. The victim's sister and a long-time friend of hers both testified they saw appellant fire several shots on July 9 into the unoccupied car owned by the victim. The victim's sister called the victim to tell him about the damage to his car, and he came to the site. There, the victim and appellant crossed paths, and the victim was shot multiple times. While appellant testified the victim had a gun, a 12-year-old boy who witnessed the shooting testified the victim had a beer can, and none of the witnesses who went to the victim's aid after the shooting, including the first responding police officer, saw a gun near the victim. The evidence was sufficient to authorize a rational trier of fact to find appellant guilty beyond a reasonable doubt of felony murder/aggravated assault and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erred when it did not bifurcate both counts involving possession of a firearm by a convicted felon prior to voir dire, and maintains the error resulted in the impermissible injection of appellant's character into the trial.[2] Where, as here, possession of a firearm by a convicted felon is the felony supporting a charge of felony murder, it is material to the murder charge and bifurcation is not required and appellant's character is not impermissibly placed in issue. *Bowden v. State*, 270 Ga. 19 (1) (504 SE2d 699) (1998). See also *Villegas v. State*, 273 Ga. 824 (2) (546 SE2d 504) (2001). Accordingly, the trial court's decisions on bifurca-

---

place from September 7-17. It concluded with the jury's return of a not guilty verdict on the malice murder charge and guilty verdicts on felony murder (aggravated assault), aggravated assault, and possession of a firearm during the commission of a felony. The trial court then dismissed the counts that had been bifurcated and sentenced appellant to life imprisonment for felony murder and a term of five years for the possession of a firearm during the commission of a felony on September 17 and 18, after concluding that the aggravated assault merged into the felony murder. Appellant's motion for new trial, filed October 2, 2001, and amended December 2, 2002, was denied on December 20. A notice of appeal was filed on January 9, 2003, and the appeal was docketed in this Court on May 9, 2003. It was submitted for decision on the briefs.

[2] Prior to the commencement of the trial, the trial court granted appellant's motion to bifurcate the count charging appellant with being a convicted felon in possession of a firearm, but declined to bifurcate the count charging appellant with felony murder with the underlying felony being possession of a firearm by a convicted felon. After voir dire, but before peremptory challenges were exercised, the trial court sua sponte reversed itself and decided to bifurcate the felony murder/possession of a firearm by a convicted felon from the remaining counts. After the jury found appellant guilty of felony murder/aggravated assault and possession of a firearm during the commission of a felony, the trial court dismissed the two bifurcated counts when defense counsel pointed out that appellant had not been a convicted felon at the time the victim was shot, as alleged in the indictment, but had been on first offender probation.

tion did not constitute reversible error. That being so, there was no error in the trial court's failure to empanel a new set of venirepersons after the second decision on bifurcation was made.

3. The trial court did not commit reversible error when it failed to give limiting instructions on the use of evidence of appellant's prior conviction. Limiting instructions must be requested in order for the failure to instruct to be erroneous. *Head v. State*, 262 Ga. 795 (4) (426 SE2d 547) (1993). The record reflects trial counsel never made such a request of the trial court. Appellant cannot seek reversal based on purported error induced by his conduct. *Crozier v. State*, 263 Ga. 866 (3) (440 SE2d 635) (1994); *Brown v. State*, 262 Ga. 833 (4) (426 SE2d 559) (1993).

4. Appellant contends his character was impermissibly impugned when the jury was told during voir dire that appellant was a convicted felon when, in fact, appellant was a first offender probationer. Counsel for appellant did not object at trial; accordingly, the issue is not preserved for appellate review. *Earnest v. State*, 262 Ga. 494 (1) (422 SE2d 188) (1992).

5. While the trial court instructed the jury on the law of voluntary manslaughter, the verdict form given the jury did not include voluntary manslaughter as an option. Appellant contends on appeal that the trial court erred when it failed to submit to the jury a verdict form that established the jury considered voluntary manslaughter. However, appellant's failure to object at trial to the verdict form results in waiver of appellate review of the issue. *Jones v. State*, 273 Ga. 231 (7) (539 SE2d 154) (2000).

6. The remainder of appellant's enumerated errors set forth seven instances in which appellant allegedly received ineffective assistance of trial counsel. In order to prevail on a claim of ineffective assistance, appellant "must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. [Cits.]" *Chapman v. State*, 273 Ga. 348, 349-350 (2) (541 SE2d 634) (2001). Appellant " 'must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.' " *Morgan v. State*, 275 Ga. 222, 227 (10) (564 SE2d 192) (2002). In reviewing a lower court's determination of a claim of ineffective assistance of counsel, an appellate court gives deference to the lower court's factual findings, which are upheld unless clearly erroneous; the lower court's legal conclusions are reviewed de novo. *Washington v. State*, 276 Ga. 655 (3) (581 SE2d 518) (2003).

(a) Appellant claims trial counsel was ineffective when she failed to challenge the legal sufficiency of the counts alleging appellant was a convicted felon, when she failed to inform the court in the hearing

on the motion for bifurcation that appellant was not a convicted felon, and when she failed to seek a continuance to get a jury panel which was not aware of appellant's status as a convicted felon. After the trial, the trial court dismissed both charges (possession of a firearm by a convicted felon and felony murder with the underlying felony being possession of a firearm by a convicted felon) upon learning that appellant was on first-offender probation at the time the victim was shot. At the hearing on the motion for new trial, trial counsel testified she did not point out appellant's actual status because she knew the State could not prove appellant was a convicted felon when the victim was shot and she feared pointing out the problem before trial would cause the State to re-indict and accurately charge appellant as possessing a firearm while on first-offender probation. Counsel's decision not to seek a continuance to get a jury panel whose members had not been made aware that appellant had a felony conviction is consistent with the strategy to leave in place the counts alleging appellant was a convicted felon. The trial court was authorized to conclude that counsel's decisions, which resulted in the dismissal of the two charges, were matters of trial strategy that fell within the bounds of reasonable professional conduct. See *Lawrence v. State*, 274 Ga. 794 (3) (560 SE2d 17) (2002).

(b) Appellant maintains trial counsel was ineffective when she did not seek the dismissal for cause of a venireperson who said her ability to be fair and impartial despite knowing appellant was a convicted felon was conditioned on the nature of the felony for which he had been convicted. The juror stated she could follow the judge's instruction to base a decision on the evidence presented and she would "do her best" to put appellant's previous conviction out of her mind. Trial counsel testified she used a peremptory strike to remove the venire member because she did not meet the standard for dismissal for cause, i.e., it had not been shown that the juror had an opinion of appellant's guilt or innocence "so fixed and definite that the juror will be unable to set the opinion aside and decide the case based upon the evidence or the court's charge upon the evidence." *Somchith v. State*, 272 Ga. 261, 262 (2) (527 SE2d 546) (2000). We agree with trial counsel's assessment and the trial court's determination that appellant did not overcome the strong presumption that counsel's conduct fell within the broad range of reasonable professional conduct.

(c) Appellant complains trial counsel was ineffective in failing to request a charge on mutual combat. Trial counsel testified she pursued a justification defense. What defenses to pursue and on which defenses to request jury instructions are tactical decisions, and appellant has not shown that counsel's tactical decisions were beyond the bounds of reasonable professional conduct. See *Springs v. Seese*, 274 Ga. 659 (2) (558 SE2d 710) (2002); *Barner v. State*, 263 Ga. 365

(5) (434 SE2d 484) (1993). Appellant also complains that trial counsel's failure to ensure the verdict form reflected that the jury had considered voluntary manslaughter constituted ineffective assistance of counsel because it resulted in an inability to know whether the jury considered the included offense of voluntary manslaughter. While a verdict form that demonstrates the jury considered and rejected voluntary manslaughter is helpful (see *Tessmer v. State*, 273 Ga. 220 (3) (539 SE2d 816) (2000)), its absence does not overcome the presumption that qualified jurors, in the absence of clear evidence to the contrary, followed the instructions of the trial court to consider voluntary manslaughter before considering the felony murder charge. See *Dennis v. State*, 263 Ga. 257 (2) (430 SE2d 742) (1993). Lastly, appellant complains trial counsel was ineffective in failing to ask for an instruction limiting the jury's consideration of evidence of appellant's prior felony conviction. However, there was no evidence of appellant's prior felony conviction presented at trial since the charges to which such evidence would be applicable were bifurcated. Accordingly, there was no need to request the limiting instruction. We conclude the trial court did not err when it concluded appellant had not carried his burden of proving ineffective assistance of counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 10, 2003.

*James J. Lacy*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anna E. Green, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.