S11A1850. NEWKIRK v. THE STATE.
(722 SE2d 760)

HUNSTEIN, Chief Justice.

A jury convicted Harry R. Newkirk of felony murder, armed robbery, and possession of a firearm during the commission of a crime in connection with the shooting death of Vipinbhai Patel.[1] Newkirk contends that his trial counsel provided ineffective assistance of counsel and the trial court violated his right to an impartial jury by a comment during a bench conference. Finding no error, we affirm.

1. The evidence presented at trial shows that Patrick Grant drove Hector Gibson, Anthony Haynes, Jonathon Johnson, and Newkirk at Newkirk's request to a Kwik Way convenience store in Chatham County. Newkirk, Haynes, and Johnson entered the store, and Gibson followed them two to three minutes later. Gibson shot Patel, the store owner, as Patel was backing away from the counter. A customer, Tony Maxwell, saw two men run out of the store, jump

---

[1] The shooting occurred on December 23, 2005, and Newkirk was indicted in Chatham County on March 8, 2006. On August 13, 2009, a jury found him guilty of felony murder, armed robbery, and possession of a firearm during the commission of a crime. The trial court sentenced him to life imprisonment on the felony murder charge and a consecutive five-year term on the firearm possession charge; the armed robbery count merged with the felony murder count for purposes of sentencing. Newkirk filed a motion for new trial on August 31, 2009, which was denied on March 29, 2011, and a notice of appeal on April 4, 2011. The case was docketed for the September 2011 term and submitted for decision on briefs.

into a gray Mitsubishi Montero, and speed away; one man was carrying a cash register, and another was carrying a carton of cigarettes. Maxwell called 911 and gave police the vehicle license plate number. Arriving immediately, police found Patel lying behind the counter with a gunshot wound to his chest. Other officers found the Montero abandoned a few blocks away where it had run out of gas. While patrolling the area, one officer saw Newkirk carrying a bulky object with a coat over it. Newkirk dropped the object and began running toward a wooded area. The officer chased and captured Newkirk and brought him back to the store, where Maxwell identified him as the man carrying the cash register as he ran out. Police recovered the cash register in a field near the woods; the cash register tape, cigar boxes, and cigarette packs next to the abandoned vehicle; and the murder weapon in a nearby cemetery. The firearms examiner determined that the bullet removed from Patel's body and the spent shell casing found at his store matched the murder weapon. At trial, Haynes testified that Newkirk told Gibson to shoot Patel. In defense, Newkirk introduced Patrick Grant's testimony from a previous trial in which Grant testified that Gibson said he shot Patel because he flinched and that Gibson did not say that anybody forced him to shoot. See *Gibson v. State*, 288 Ga. 617 (706 SE2d 412) (2011). Viewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Newkirk guilty beyond a reasonable doubt of the crimes charged. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Newkirk contends he was denied his Sixth Amendment right to effective assistance of counsel because his trial counsel failed to request a bifurcated trial on the charge alleging possession of firearm by a convicted felon, request a limiting instruction on the use of the prior felony convictions, or seek to exclude bad character evidence from Grant's testimony. To establish a claim of ineffective assistance of counsel, the defendant must show that counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984). There is a strong presumption that counsel's conduct falls within the range of sound trial strategy and reasonable professional judgment. Id. at 689. In determining prejudice, the question is whether there is a reasonable probability that the result of the trial would have been different, absent the specified errors. Id. at 694.

(a) Newkirk fails to show either that his trial counsel performed deficiently or that he was prejudiced on the bifurcation or limiting instruction issues. Trial counsel chose as part of his trial strategy not to seek bifurcation of the count alleging possession of a firearm by a convicted felon and objected to the state's redaction of the count

from the indictment. The trial court granted Newkirk's motion to proceed on all counts in the indictment, but the possession of a firearm by a convicted felon count was never read to the jury, and the state did not present any evidence concerning Newkirk's prior felony convictions, thus eliminating the need for a limiting instruction. See *Herring v. State*, 277 Ga. 317 (6) (c) (588 SE2d 711) (2003) (no need to request limiting instruction when no evidence of prior felony convictions was presented at trial). Due to the lack of evidence, the trial court granted a directed verdict on that firearm possession count. Given this favorable outcome, Newkirk has not shown that trial counsel acted unreasonably or that the outcome of his trial would have been different if he had sought bifurcation. See id. at 320 (trial counsel's decisions resulting in the dismissal of two charges were matters of trial strategy that fell within the range of reasonable professional conduct).

(b) Newkirk also contends his trial counsel was ineffective for failing to redact bad character evidence from Grant's testimony. Grant testified at the prior trial that he purchased the Montero from Newkirk and knew at the time it was stolen. Because Newkirk did not seek a hearing on his motion for a new trial or present evidence in support of this claim, he has failed to show that trial counsel was deficient in the handling of this evidence or there is a reasonable probability that the outcome of his trial would have been different if the testimony had been excluded. See *Wright v. State*, 285 Ga. 428 (6) (b) (677 SE2d 82) (2009) (ineffective assistance claim fails absent proffer on defense counsel's failure to ask for redaction).

3. Finally, Newkirk contends that the trial court violated his due process right to an impartial jury by admonishing trial counsel during a bench conference on his failure to seek bifurcation. Because a reporter questioned trial counsel about the comment, Newkirk contends the jury also heard the admonition, thus prejudicing his right to a fair trial. Newkirk moved for a mistrial, but did not seek a curative instruction or present testimony from the reporter or jury members to support his claim of prejudice. Without any evidence that the jury heard the comment or was influenced by it, Newkirk has failed to prove that the trial court's admonition deprived him of a fair trial. See *Smith v. State*, 284 Ga. 304 (4) (667 SE2d 65) (2008) (no error in failing to declare a mistrial when there is no evidence the juror heard the bench conference); *Williams v. State*, 218 Ga. App. 571 (2) (462 SE2d 457) (1995) (no due process violation when trial court admonished defense counsel during a bench conference apparently outside the jury's hearing).

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 27, 2012.

*Jennifer R. Burns, Falen O'Neal Cox*, for appellant.

*Larry Chisolm, District Attorney, Julayaun M. Waters, Assistant District Attorney, Samuel S. Olens, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine R. Thrower, Assistant Attorney General*, for appellee.