**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**April 26, 2013**

# In the Court of Appeals of Georgia

A13A0302. REID v. THE STATE.

MILLER, Judge.

Marcus Daniel Reid appeals following the trial court's denial of his motion for new trial after a jury convicted him of one count of trafficking cocaine (OCGA § 16-13-31 (a) (1)) and one count of possession of marijuana with the intent to distribute (OCGA § 16-13-30 (j)). Reid contends that the trial court erred in (i) denying his motion to suppress because the search warrant affidavit lacked sufficient information to establish probable cause, and (ii) denying his motion to reveal the identity of the confidential informant. Discerning no error, we affirm.

In considering an appeal from denial of a motion to suppress, this Court construes the evidence in favor of the trial court's ruling, and we review de novo the trial court's application of the law to undisputed facts. Additionally, we must defer to the trial court's determination on the credibility of witnesses, and the trial court's ruling on disputed facts

must be accepted unless it is clearly erroneous. Moreover, in reviewing the denial of a motion to suppress, we consider all the evidence of record, including evidence introduced at trial.

(Citation and punctuation omitted.) *Lindsey v. State*, 287 Ga. App. 412 (651 SE2d 531) (2007).

So viewed, the evidence showed that police officers received a tip from a confidential informant that Reid was selling cocaine and marijuana in Morgan County. The confidential informant told the officers that he had purchased drugs from Reid and was willing to so again. Upon receiving this information, the officers initiated an investigation and, with the confidential informant's assistance, made three controlled cocaine purchases from Reid. Two of the controlled purchases took place at a house located on Bostwick Road, where the officers observed that Reid appeared to be the only resident. Following the conclusion of the third controlled purchase, the officers obtained and executed a warrant to search the Bostwick Road residence.

During their search, the officers found 11.94 grams of powder cocaine, 29.62 grams of crack cocaine, and 21.5 grams of marijuana in a plastic container located on the kitchen counter. Some of the crack cocaine and marijuana were individually packaged in a manner consistent with drug sales. Based on the drugs found at the

residence, Reid was subsequently arrested, charged, and convicted of cocaine trafficking and possession of marijuana with the intent to distribute.

1. Reid first challenges the denial of his motion to suppress, arguing that the search warrant was not supported by probable cause because it did not contain sufficient information and relied upon information supplied by the confidential informant. We disagree.

> [A] defendant may seek to suppress evidence seized during a warrant search if the warrant was not supported by probable cause. Where the State seeks to establish probable cause through information provided by unidentified informants, the informants' veracity and basis of knowledge are major considerations in the probable cause analysis. An affidavit submitted in support of a search warrant must set forth sufficient facts from which the magistrate or judge can independently determine the reliability of both the information and the informant. In determining whether an affidavit provided sufficient probable cause, the issuing magistrate or judge must make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

(Punctuation and footnote omitted.) *Land v. State*, 259 Ga. App. 860, 861 (1) (578 SE2d 551) (2003). Additionally,

> [t]his Court's review of the magistrate's decision is limited to determining if the magistrate had a substantial basis for concluding that probable cause existed to issue the search warrant. Substantial deference is afforded to a magistrate's decision to issue a search warrant based on

3

> a finding of probable cause. And a presumption of validity attaches to an affidavit supporting a search warrant. Further, doubtful cases should be resolved in favor of upholding search warrants.

(Citation and punctuation omitted.) *Williams v. State*, 303 Ga. App. 222, 226 (3) (692 SE2d 820) (2010).

Here, one of the police officers sought a search warrant for the Bostwick Road house based on information he received from the confidential informant that Reid was selling drugs out of the Bostwick Road house. In the search warrant affidavit, the officer stated that the confidential informant took a position against his penal interest by reporting to officers that he had bought drugs from Reid, and that the confidential informant had no known reason to lie. Additionally, the officer stated that he confirmed the information supplied by the confidential informant by conducting three controlled drug purchases from Reid, including two at the Bostwick Road house. The controlled buys strongly corroborated the reliability of the informant and demonstrated a fair probability that contraband would be found in the Bostwick Road house. See *State v. Palmer*, 285 Ga. 75, 78-79 (673 SE2d 237) (2009); *Ibekilo v. State*, 277 Ga. App. 384, 385 (1) (626 SE2d 592) (2006) ("[E]ven if the informant had no known credibility, the controlled buy conducted under the observation of the officer alone, would have been sufficient to establish probable cause.") (citation and

punctuation omitted). While Reid raises a "mere presence" argument, his argument is misplaced as the cases he relies upon concern the sufficiency of the evidence necessary to convict an individual for drug offenses,[1] not whether the search warrant was supported by probable cause. Therefore, the trial court did not err in denying Reid's motion to suppress on this ground.

2. Reid also contends that the trial court erred in denying his motion to order the State to reveal the identity of the confidential informant. We disagree.

> [Former] OCGA §§ 24-9-21 (4) and 24-9-27 (d)[2] provide for privilege against disclosure of the identity of a confidential informant who was not an eyewitness to the offense that forms the basis for the prosecution, although he or she may have seen the defendant in possession of the contraband at an earlier time, but did not participate in the offense. The informant, for evidentiary purposes, is considered a mere "tipster."

---

[1] To the extent Reid challenges the sufficiency of the evidence to support his conviction, Reid did not enumerate this claim as error. Therefore, his argument concerning sufficiency of the evidence provides no basis for appellate review. See *Brown v. State*, 310 Ga. App. 835, n.1 (714 SE2d 395) (2011) (providing that a party cannot expand his enumerations of error through argument or citation in his brief, and claims not enumerated as error will not be reviewed).

[2] The former provisions of OCGA §§ 24-9-21 and 24-9-27 were in effect until January 1, 2013, when Georgia's new rules of evidence became effective. See Ga. Laws 2011, Act 52, § 2. The provisions of Georgia's new evidence code "apply to any motion made or hearing or trial commenced on or after" January 1, 2013. Ga. Laws 2011, Act. 52, § 101. Since Reid filed his motion to reveal the confidential informant's identity prior to this date, the prior evidence code applies in this case.

(Footnote omitted.) *Nunnally v. State*, 261 Ga. App. 198, 201 (4) (582 SE2d 173) (2003).

Here, the confidential informant's sole involvement in the case was providing information to the police officer and making controlled drug buys from Reid. The police officer then relied upon those controlled drug buys to obtain a search warrant for the Bostwick Road residence. The State did not indict Reid for the multiple sales of cocaine to the informant. Rather, the State indicted Reid for cocaine trafficking and possession of marijuana with the intent to distribute based on the drugs found during the execution of the search warrant. The confidential informant was not present during the execution of the search warrant and was not a witness to the offenses that form the basis of the instant prosecution. Consequently, the trial court was authorized to conclude that the informant was a mere tipster whose identity was absolutely privileged. See, e.g., *Nunnally*, supra, 261 Ga. App. at 201 (4); *Rush v. State*, 188 Ga. App. 520, 521-522 (4) (373 SE2d 377) (1988). Therefore, the trial court correctly denied Reid's motion to reveal the confidential informant's identity.

*Judgment affirmed. Barnes, P. J., and Ray, J., concur.*