**THIRD DIVISION**
**MILLER, P. J.,**
**MCFADDEN and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**November 3, 2016**

# In the Court of Appeals of Georgia

A16A0882. WOODRUFF v. THE STATE.

McFADDEN, Judge.

A jury convicted Donald Lee Woodruff of possession of marijuana with intent to distribute, possession of morphine, and possession of oxycodone. On appeal, Woodruff argues that the trial court erred by failing to require the state to disclose the identity of a confidential informant, but the confidential informant was a mere tipster, so the trial court did not err. Woodruff also argues that he is entitled to a new trial because during deliberations, a juror researched slang terms that Woodruff had used to refer to narcotics. But the state presented evidence sufficient to overcome the prejudice caused by any juror misconduct. We therefore affirm.

1. *Facts.*

When we review a criminal conviction,

> the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

*Morris v. State*, 322 Ga. App. 682 (1) (746 SE2d 162) (2013) (citation omitted). Viewed in this light, the evidence showed that an agent with the West Metro Regional Drug Enforcement task force met a confidential informant who told the agent that a particular person was selling marijuana from a house in the Villa Rica area. The agent determined that Woodruff resided in the house. He used the confidential informant to conduct three controlled buys of marijuana from Woodruff. The agent obtained a search warrant based on this activity.

When law enforcement executed the search warrant, they found morphine pills, oxycodone tablets, and 225.2 grams of marijuana in the house. Woodruff told the officers that everything was his and that he would show the officers where all the evidence was located so that they would not destroy his house.

At trial, a drug identification chemist with the Georgia Bureau of Investigation identified the pills taken from Woodruff's residence as morphine and oxycodone. An

officer who participated in the arrest identified marijuana taken from Woodruff's house.

2. *Identity of confidential informant*.

Woodruff argues that the trial court erred by refusing to require the state to reveal the identity of the confidential informant. We disagree. The state was not required to disclose the informant's identity because

> the confidential informant's sole involvement in the case was providing information to the police officer and making controlled drug buys from [Woodruff]. The police officer then relied upon those controlled drug buys to obtain a search warrant for [Woodruff's] residence. The [s]tate did not indict [Woodruff] for the multiple sales of [drugs] to the informant. Rather, the [s]tate indicted [Woodruff] for [possession of morphine, possession of oxycodone, and] possession of marijuana with the intent to distribute based on the drugs found during the execution of the search warrant. The confidential informant was not present during the execution of the search warrant and was not a witness to the offenses that form the basis of the instant prosecution. Consequently, the trial court was authorized to conclude that the informant was a mere tipster whose identity was absolutely privileged. Therefore, the trial court correctly denied [Woodruff's] motion to reveal the confidential informant's identity.

*Reid v. State*, 321 Ga. App. 653, 656 (2) (742 SE2d 166) (2013). "Because the confidential informant appears to be a mere tipster who had neither seen nor participated in the events, disclosure was not required." *Villegas v. State*, 273 Ga. 824, 825 (3) (546 SE2d 504) (2001) (citation omitted).

3. *Juror misconduct.*

Woodruff argues that he is entitled to a new trial because of juror misconduct. We find that the trial court did not abuse his discretion in denying the motion for new trial on this ground. See *Gaines v. State*, 274 Ga. App. 575 (618 SE2d 197) (2005) ("[M]otions for new trial because of improper conduct of jurors are addressed to the sound discretion of the trial judge.") (citation and punctuation omitted).

At trial, the state played Woodruff's recorded statement in which he said that everything illegal in the house was his, describing the contraband as pills and weed. When the officer interviewing Woodruff asked him how much he sold the pills for, Woodruff answered that it depended on the pill. He explained, "Roxy thirties go for twenty-two, Roxy fifteens go for twelve, Lorcets go for five, the tens go for five, the seven-fifties go for four, the fives go for three, the footballs go for two, number five Xanax go for $1, green [unintelligble] bars go for five, regular white bars go for four."

4

After the trial, while defense counsel was packing his bags in the hallway outside the courtroom, he spoke with a juror who told him that some of the slang terms Woodruff had used in his statement were confusing. She said that one of the jurors had used a cell phone to look up the meaning of the slang terms to determine whether they matched the names of the narcotics listed in the indictment, in spite of the trial court's repeated instructions to the jurors not to research the case. The state does not dispute that misconduct occurred, but presented the affidavits of all 12 jurors that the misconduct did not affect the verdict.

In a direct appeal of a criminal conviction, "[t]here is a presumption of prejudice to the defendant when an irregularity in the conduct of a juror is shown and the burden is on the prosecution to prove beyond a reasonable doubt that no harm has occurred." *Simmons v. State*, 291 Ga. 705, 707 (4) (733 SE2d 280) (2012) (citation omitted). See also *Greer v. Thompson*, 281 Ga. 419, 421 (637 SE2d 698) (2006). The state must overcome this presumption beyond a reasonable doubt, and we must determine whether the juror misconduct "is so inherently prejudicial as to require a new trial, or whether it is an immaterial irregularity without opportunity for injustice." *Simmons*, 291 Ga. at 707 (4) (citation omitted).

We find that the state met its burden here. Notably, Woodruff admitted that all contraband found at his house was his. A chemist identified pills taken from the house as morphine and oxycodone, the narcotics Woodruff was convicted of possessing. In his statement, Woodruff used the slang terms to generally describe his drug-selling practices; he did not use the slang terms to identify the drugs seized from his house. Further, the state presented affidavits from every juror, who testified that the misconduct did not affect the verdict. Cf. *Chambers v. State*, 321 Ga. App. 512, 519-520 (1) (739 SE2d 513) (2013) (physical precedent only) (state did not overcome presumption of prejudice, in part because, although eleven jurors testified by affidavit that they had not relied upon extra-judicial information to reach verdict, nothing in the record allowed for such a finding for twelfth juror).

"[W]here the substance of the [juror misconduct] is established without contradiction, the facts themselves may establish the lack of prejudice or harm to the defendant." *Holcomb v. State*, 268 Ga. 100, 103 (2) (485 SE2d 192) (1997) (citation omitted). Under the circumstances of this case, "we are satisfied that the juror's actions, while improper, were not so prejudicial as to have contributed to the conviction, and were harmless beyond a reasonable doubt." Id. (citation omitted).

*Judgment affirmed. Miller, P. J., and McMillian, J., concur.*

6