# Court of Appeals
# of the State of Georgia

ATLANTA,  June 16, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1757. DONALD L. WOODRUFF v. THE STATE.**

A jury found Donald L. Woodruff guilty of several drug offenses, and his conviction was affirmed on appeal. See *Woodruff v. State*, 339 Ga. App. 707 (792 SE2d 471) (2016). Woodruff subsequently filed a "Motion to Vacate a Void Judgment and Illegal Sentence Under OCGA § 17-9-4." The trial court dismissed the motion, and Woodruff filed this direct appeal.

Although a direct appeal may lie from an order denying or dismissing a motion to correct a void sentence, a defendant must first raise a colorable claim that the sentence is, in fact, void or illegal. See *Harper v. State*, 286 Ga. 216, n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465) (2009). A sentence is void only when the trial court imposes punishment that the law does not allow. See *Jordan v. State*, 253 Ga. App. 510, 511 (1) (559 SE2d 528) (2002). Here, Woodruff does not assert that the trial court imposed a sentence the law does not allow. Rather, he takes issue with the fairness of his underlying conviction. The Supreme Court has made clear, however, that a motion seeking to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case." *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010). Accordingly, we lack jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  06/16/2017*
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*